A00A2518. KITTLE v. CONAGRA POULTRY COMPANY.
(543 SE2d 411)

BLACKBURN, Presiding Judge.

James Kittle appeals the trial court's orders which granted summary judgment to defendant ConAgra Poultry Company. Kittle filed the underlying complaint raising claims for breach of contract, violations of the Packers & Stockyards Act (PSA) (7 USC § 181), fraud and

promissory estoppel. ConAgra's motions for summary judgment were premised on judicial estoppel and the inapplicability of the PSA to the present action. Kittle also appeals the trial court's order that granted ConAgra's motion to compel arbitration. Because the trial court properly applied judicial estoppel to this action, the trial court's order granting summary judgment to ConAgra is affirmed. As summary judgment was appropriate, Kittle's remaining enumerations of error are moot.

1. Kittle contends that the trial court erred in granting ConAgra's motion for summary judgment based upon judicial estoppel. Kittle further contends his claim against ConAgra did not accrue until after he had filed for Chapter 7 bankruptcy, so he had no obligation to list it as an asset and the bankruptcy trustee was made aware of the claim and abandoned it.

> The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). Further, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

*Hunter v. Cabe Group.*[1]

In the present case, Kittle and ConAgra entered into contracts from 1990 to 1996, according to which Kittle would raise and care for breeder hens producing eggs in houses built to ConAgra's specifications. ConAgra supplied the hens and roosters to Kittle, who provided proper housing and equipment for the production of hatching eggs. Pursuant to the contracts, Kittle was compensated according to the number of eggs produced by the breeder hens.

Prior to filing the underlying complaint, Kittle and his wife filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court of the Eastern District of Tennessee Southern Division on December 17, 1997. Schedule B, paragraph 20 of the bankruptcy petition required that the Kittles list and give an estimated value of all "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." The Kittles checked "None," and did not list the

---

[1] *Hunter v. Cabe Group*, 244 Ga. App. 162 (535 SE2d 248) (2000).

present action. Kittle received a discharge from the bankruptcy court on June 1, 1998.

Kittle filed the underlying complaint on June 30, 1998. In his complaint and amended complaint, Kittle asserted causes of action for breach of contract, violations of the PSA, fraud and promissory estoppel. Kittle alleged that in March 1997, ConAgra placed inferior birds with him. He further alleged that many of the birds were sick, but ConAgra failed to provide the proper amount of medication. The birds failed to lay the standard number of eggs, and he suffered a $35,000 decrease in income in 1997. In Kittle's complaint, he alleged that ConAgra's servicemen told him that he would be compensated for the "bad birds," but that he only received a bonus of $3,600 at the end of the flock. Additionally, Kittle alleged that, in 1995, he was forced by ConAgra to make costly unnecessary upgrades to his facility. Kittle contended that as a result of the poor quality birds and unnecessary upgrades to his equipment, he was forced to go out of the chicken business and the bank foreclosed on his farm. Kittle asserts that his PSA claims arise out of ConAgra's unfair, unjustly discriminatory or deceptive practices or devices which subjected him to unreasonable prejudice or disadvantage.

ConAgra filed a motion for summary judgment contending that Kittle was judicially estopped from bringing the underlying action because he was aware of his claims against ConAgra when he filed his bankruptcy petition and he failed to list them as assets of the estate or to amend such petition once filed. The trial court granted ConAgra's motion.

> The doctrine of judicial estoppel arises under federal law and precludes a party from asserting a position in one judicial proceeding which is inconsistent with a position successfully asserted by the party in an earlier proceeding. The essential function and justification of judicial estoppel are to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. The doctrine is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings. Although application of the doctrine of judicial estoppel is severe,

whether to apply it depends entirely on the actions of the plaintiff.

(Citation and punctuation omitted.) *Reagan v. Lynch*.[2]

(a) Kittle contends that he was not required to list his claims against ConAgra because they did not accrue until after he had filed for Chapter 7 bankruptcy.

The bankruptcy code is clear that when filing a Chapter 7 bankruptcy, unlike the filing requirements for Chapter 11 or Chapter 13, the debtor's estate comprises only those property interests that exist as of the filing date of the bankruptcy petition. 11 USC § 541. See *In re Fleet;*[3] see also *In re Bobroff*.[4] In contrast, the debtor in a Chapter 11 or Chapter 13 bankruptcy has a duty to amend their petition to list after-acquired property. See *Smalls v. Walker;*[5] *Wolfork v. Tackett*.[6]

The facts alleged in Kittle's complaint forming the basis of his causes of action all occurred prior to the filing of the bankruptcy petition. In fact, as paragraph 7 of Kittle's complaint recognizes, it is those actions which actually precipitated the filing of bankruptcy. Additionally, Kittle deposed that he was aware of his claims against ConAgra before he filed for bankruptcy and that he discussed them with his bankruptcy attorney.

Kittle contends that his claims did not accrue until he received his final paycheck on March 12, 1998. Kittle fails to recognize when his causes of action actually accrued, only considering whether he was adequately paid for ConAgra's alleged breach of contract, violations of the PSA, fraud and promissory estoppel. According to the allegations in Kittle's complaint, ConAgra's actions were completed prior to the filing of bankruptcy. Final payment was still expected at the end of the contract, but Kittle contends that ConAgra breached the contract by placing inferior birds and failing to medicate them adequately when they got sick. Kittle also contends that ConAgra is responsible for damages due to its requirement in 1995 that Kittle upgrade his equipment. Additionally, to the extent that the PSA governs the transactions between ConAgra and Kittle, any violations thereof occurred prior to the filing of the Kittles' bankruptcy petition. "Simultaneous with the breach[ ] came a cause of action on the breach. This cause of action created a legal interest in which the [debtor was] free to take advantage. Thus, the cause of action should

[2] *Reagan v. Lynch*, 241 Ga. App. 642, 643-644 (524 SE2d 510) (1999).

[3] *In re Fleet*, 53 Bankr. 833, 838 (E.D. Pa. 1985).

[4] *In re Bobroff*, 766 F2d 797, 803 (3rd Cir. 1985).

[5] *Smalls v. Walker*, 243 Ga. App. 453, 455 (1) (532 SE2d 420) (2000).

[6] *Wolfork v. Tackett*, 241 Ga. App. 633, 634 (526 SE2d 436) (1999).

have been listed on the [debtor's] schedules." *In re Winebrenner.*[7]

(b) Kittle contends that he informed the bankruptcy trustee of his claims against ConAgra and that the trustee abandoned them. In support of his contention, Kittle presented the trial court with the affidavit of the bankruptcy trustee in charge of his Chapter 7 bankruptcy petition. The bankruptcy trustee averred that he was made aware of Kittle's claims against ConAgra, and being familiar with the difficulty and expense of such claims, he chose to abandon them to Kittle.

In *Reagan,* supra, we applied judicial estoppel to the plaintiff's claims after he failed to list such claims in his Chapter 7 bankruptcy petition, despite the fact that the plaintiff had informed the bankruptcy trustee of such claims as evidenced by the trustee's affidavit in the record. We determined that "[i]nforming the bankruptcy trustee is not notice to the court or the creditors in the bankruptcy action." Id. at 645.

Kittle contends that Tennessee's local bankruptcy rules allow the bankruptcy trustee to abandon property of the estate without further notice to creditors unless a written request is filed with the bankruptcy court. This argument, however, assumes that the bankruptcy trustee has abandoned property of the estate of which the creditors are aware. Because Kittle's claims against ConAgra were not listed in his bankruptcy petition, the creditors were not made aware of these claims.

As the trial court correctly held, bankruptcy law is clear that the debtor must list his assets and because the creditors were not informed of Kittle's claims against ConAgra, the trustee could not abandon them properly. In *Jeffrey v. Desmond,*[8] the United States Court of Appeals for the First Circuit rejected the argument asserted by Kittle. Therein, the debtor claimed that because the trustee was aware of the debtor's state court action when he filed a "no asset" report with the bankruptcy court, the trustee had abandoned the claim. The court determined that

> [t]he law is abundantly clear that the burden is on the debtors to list the asset and/or amend their schedules, and that in order for property to be abandoned by operation of law pursuant to 11 USC § 554 (c), the debtor must formally schedule the property pursuant to 11 USC § 521 (1) before the close of the case.

[7] *In re Winebrenner,* 170 Bankr. 878, 883 (E.D. Va. 1994).

[8] *Jeffrey v. Desmond,* 70 F3d 183 (1st Cir. 1995).

Id. at 186. See also *Vreugdenhill v. Navistar Intl. Transp. Corp.*[9] (claim of which trustee was aware but was not properly scheduled prior to the close of the case was not abandoned by operation of law). Further, any asset not properly scheduled remains property of the bankrupt estate, and the debtor loses all rights to enforce it in his own name. *Jeffrey*, supra at 186, fn. 3.

Georgia law is consistent with the decisions from the federal district courts. See *Reagan*, supra. Because Kittle failed to list his claims against ConAgra as assets in his bankruptcy petition and he failed to amend his bankruptcy petition or move the bankruptcy court to reopen his bankruptcy case to allow for an amendment, judicial estoppel precludes his litigation of the present claims.

2. Our decision in Division 1 renders Kittle's remaining enumerations of error moot.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 30, 2000 — 

*Waycaster, Morris, Johnson & Dean, Cynthia N. Johnson*, for appellant.

*Minor, Bell & Neal, William F. Jourdain, Robert G. McCurry*, for appellee.

[9] *Vreugdenhill v. Navistar Intl. Transp. Corp.*, 950 F2d 524, 525-526 (8th Cir. 1991).