**In re Carolyn Denise UPSHUR, Debtor.**

No. 03–82229.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 15, 2004.

Lorna Sills Katica, Atlanta, GA, for Debtor.

Louis R. Cohan, Atlanta, GA, for National Asset Recovery, Inc.

Tamara Miles Ogier, Atlanta, GA, for Chapter 7 Trustee.

## ORDER

JOYCE BIHARY, Chief Judge.

This Chapter 7 case is before the Court on the debtor's motion to reopen the case to add an asset in the form of an employment discrimination claim filed by the debtor in the United States District Court. The debtor seeks to reopen the case so that a Chapter 7 trustee can administer the asset. The defendants in the district

court action oppose debtor's motion to re-open the bankruptcy case, arguing that they have filed a motion to dismiss in the district court in which they contend that the claims are barred by the doctrine of judicial estoppel. They ask the bankruptcy court to defer any ruling on the debtor's motion to reopen until the district court has ruled on their motion to dismiss. After carefully considering the motion to reopen, the objection filed by the district court defendants, the replies filed by both parties, the record of this case and the applicable law, the Court concludes that debtor's motion to reopen should be GRANTED.

The debtor Carolyn Denise Upshur (hereinafter "Debtor" or "Ms. Upshur") filed a *pro se* Chapter 7 case on November 13, 2003. Tamara Miles Ogier was appointed as the Chapter 7 trustee. With her initial petition, Debtor filed schedules of assets and liabilities. In Schedule B, which includes a listing of personal property, Debtor checked "None" next to the type of property listed as follows:

20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to set off claims. Give estimated value of each.

On November 24, 2003, Ms. Upshur signed a request for notice of right to sue with the Equal Employment Opportunity Commission (EEOC) in which she stated a charge based on race discrimination and disability against National Asset Recovery, Inc. On December 11, 2003, the EEOC issued to Debtor a notice of her right to sue advising her that any claim under Title VII of the Civil Rights Act or the Ameri-

cans with Disabilities Act must be filed within 90 days of her receipt of the notice or the right to sue based on those charges would be lost. Approximately one month later, on December 26, 2003, Debtor filed some amendments to her schedules in the bankruptcy case. Among the restated schedules was Schedule B, but Debtor still answered "None" to question No. 20 in Schedule B.

The docket shows that the trustee conducted the first meeting of creditors on January 14, 2004. On February 13, 2004, Debtor resubmitted Schedule C dealing with exempt property and filed a revised Schedule F of creditors holding unsecured claims. She did not file any revised Schedule B to list any claim against National Asset Recovery, Inc. or Trauner, Cohen and Thomas, LLP.

On March 8, 2004, Debtor received a discharge under 11 U.S.C. § 727. It appears from the schedules that she discharged approximately $34,000.00 in debt, approximately 45% of which related to medical expenses.[1] On March 22, 2004, the trustee in this bankruptcy case submitted a No Distribution Report indicating that there was no property available for distribution, and the bankruptcy case was closed on June 3, 2004.

In the meantime, before the trustee filed her report of no assets, Debtor, along with two other plaintiffs, Kimberly Weekes and Hayward Harris, filed a complaint on March 10, 2004, in the United States District Court for the Northern District of Georgia against Trauner, Cohen and Thomas, LLP, and National Asset Recovery, Inc. (the "District Court Defendants"), Civil Action No. 1–04–cv–0686–CC. The

---

1. These amounts are taken from Ms. Upshur's schedules filed with the court. Creditors have not filed proofs of claim in this case, because in no-asset Chapter 7 cases, creditors are advised not to file proofs of claim unless and until it later appears that assets are available to pay creditors, at which time they are sent a notice with a deadline for filing proofs of claims.

complaint was filed through counsel, Lorna Sills Katica, and alleges claims under Title VII of the Civil Rights Act and the Americans with Disabilities Act, for overtime pay under the Fair Labor Standards Act, for intentional infliction of emotional distress under Georgia law, and alleged violations of the Family Medical Leave Act. On June 8, 2004, during a deposition in the district court action, Debtor acknowledged having filed the instant bankruptcy case and having not disclosed these claims in her schedules or statement of financial affairs. On June 16, 2004, Debtor filed a motion to reopen this bankruptcy case to add the claims as an asset, and the motion was filed through Debtor's counsel in the district court action, Ms. Katica. The District Court Defendants filed a response opposing the reopening. On June 23, 2004, the District Court Defendants filed a motion to dismiss the claims asserted by Ms. Upshur in the district court on the grounds that she is judicially estopped from asserting the claims by virtue of her failure to disclose the claims in this bankruptcy case.

The motion before the bankruptcy court is the motion by Ms. Upshur to reopen the bankruptcy case to add the claims asserted in the district court as an asset and to appoint a trustee to administer the asset. The motion before the district court is the motion filed by the District Court Defendants to dismiss Ms. Upshur's claims on the grounds of judicial estoppel.

■ A motion to reopen a bankruptcy case is governed by 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010. "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." § 350(b). Mo-

tions to reopen are made for a variety of reasons, and they can be made by the debtor, the trustee, or any party in interest. Fed. R. Bankr.P. 5010. The decision on whether to reopen a case is within the sound discretion of the bankruptcy court. *Lopez v. Specialty Restaurants Corporation (In re Lopez)*, 283 B.R. 22, 27 (9th Cir. BAP 2002); *In re Rochester*, 308 B.R. 596, 600 (Bankr.N.D.Ga.2004); *In re Daniel*, 205 B.R. 346, 348 (Bankr.N.D.Ga.1997).

■ The most common reasons that a debtor might seek to reopen a case are to add a creditor, to file a motion to avoid a judicial lien, or to add an omitted asset. In deciding whether to grant a motion to reopen to add a creditor, courts often look at whether the party affected by the reopening has been prejudiced in some way or whether the debtor was intentionally committing fraud. For example, in *In re Baitcher*, 781 F.2d 1529, 1534 (11th Cir. 1986), when a debtor sought to reopen a bankruptcy case to add a creditor, the Court found the debtor could reopen her Chapter 7 case as long as her failure to list the creditor originally was due to an "honest mistake, not 'fraud or intentional design.'" *See also Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 541 (6th Cir. 1985).[2] But when the purpose of the motion to reopen is to add an undisclosed asset, the most important consideration is the benefit to the creditors. *In re Rochester*, 308 B.R. 596, 601 (Bankr.N.D.Ga.2004)(granting debtor's motion to reopen a Chapter 7 case to schedule undisclosed products liability claims, stating that the potential benefit to creditors appears to be the most important factor in the analysis); *In re Lewis*, 273 B.R. 739, 747 (Bankr.N.D.Ga.2001)(grant-

---

**2.** Some courts question whether any purpose is served by reopening a case to add an omitted creditor in a no-asset Chapter 7 case, but

that debate is not relevant to the instant situation. *See Judd v. Wolfe*, 78 F.3d 110, 115 (3rd Cir.1996).

ing debtor's motion to reopen to administer an undisclosed interest in a wrongful death action); *See also Daniel*, 205 B.R. 346 (Bankr.N.D.Ga.1997) (granting debtor's motion to reopen to add undisclosed personal injury claim); *Cf. In re Dewberry*, 266 B.R. 916, 921 (Bankr.S.D.Ga.2001) (granting debtor's motion to reopen to add an age discrimination claim, stating that "the test for reopening to administer assets is simply whether the administrative expense and inconvenience outweighs the potential benefit to the estate" and "debtor's good faith is irrelevant").

The law governing a motion to reopen a bankruptcy case to administer an undisclosed lawsuit is perhaps best explained in *In re Lopez*, 283 B.R. 22 (9th Cir. BAP 2002). There, the debtor, Lopez, filed a motion to reopen her Chapter 7 bankruptcy case to add a pre-petition sexual harassment claim. The debtor had failed to include anything about the sexual harassment claim against her employer in her bankruptcy filings. In fact, three months before filing bankruptcy, the debtor had signed a form alleging sexual harassment by her employer and requesting authorization to file a lawsuit from the California Department of Fair Employment and Housing. Prior to filing the bankruptcy, she received the right to sue letter from that body, and shortly after filing the bankruptcy petition, Lopez and others filed an action against her employer. Unaware of this action, the Chapter 7 trustee in the bankruptcy case filed a no asset report, a discharge was entered, and the case was closed. The bankruptcy court denied the motion to reopen, and the debtor appealed. The Bankruptcy Appellate Panel reversed the bankruptcy court and held that a potentially valuable asset is a valid ground to reopen a Chapter 7 case and that a former debtor's alleged bad faith is never a sufficient basis by itself to deny a motion to reopen to schedule an asset that has potential benefit to creditors.

In discussing the applicable law, the *Lopez* Court began by stating that under § 350(b) of the Bankruptcy Code and Bankruptcy Rule 5010, reopening a case is typically ministerial. Although a motion to reopen is addressed to the sound discretion of the bankruptcy court, the court in fact has a duty to reopen the estate whenever there is proof that it has not been fully administered. The proper focus is on the benefit to the creditors, so that if the action has any value, the case should be reopened. The Court in *Lopez* recognized that the sexual harassment claim became property of the bankruptcy estate even though it was not listed on the debtor's schedules, and property that is neither abandoned nor administered by the trustee remains property of the estate after the case is closed.

█ In a concurring opinion, Judge Klein noted that it has become increasingly popular to raise judicial estoppel as a defense to a lawsuit by a former debtor who failed to schedule the cause of action in a bankruptcy case. Judicial estoppel is a court developed equitable doctrine, fashioned to protect the integrity of the court system and not the litigants. It precludes "a party ... from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'" *Billups v. Pemco Aeroplex, Inc. (In re Burnes)*, 291 F.3d 1282, 1285 (11th Cir.2002) (citation omitted). Judge Klein's explanation of why the defense of judicial estoppel to the undisclosed cause of action is problematic is instructive here. The undisclosed cause of action is still property of the estate even after the Chapter 7 bankruptcy case is closed. Property that is not correctly scheduled remains property of the estate forever, until admin-

istered or formally abandoned by the trustee. Thus, in the case of an omitted cause of action, the trustee is the real party in interest and the correct defense is one of standing, i.e., the action is not being prosecuted by the real party in interest which is the trustee, not the debtor. Cases like this must be reopened to permit the trustee to deal with the property of the estate.

Judge Klein correctly notes that the solution to the problem is to require the parties to return to bankruptcy court for a reopening of the case, to appoint a trustee to deal with the cause of action that is property of the estate, and to allow the trustee to sell the cause of action, prosecute it, settle it or abandon it to the debtor if it is of no value to the estate. But denying the motion to reopen and ignoring the property of the estate problem is not a solution. "The worst thing a bankruptcy court can do is to frustrate the process by refusing to reopen and order the appointment of a trustee who can definitively deal with property of the estate." *Lopez*, at 33.

The legal reasoning in a recent Eleventh Circuit judicial estoppel case is consistent with the reasoning in *Lopez* and supports the reopening of the case at bar. In *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (2004), the Eleventh Circuit held that judicial estoppel did not apply to bar a Chapter 7 trustee from pursuing an employment discrimination action previously brought by the debtor, when the debtor did not disclose her interest in the cause of action as an asset on her bankruptcy schedules. The district court had held that judicial estoppel prevented the trustee from pursuing the action. The Circuit Court reversed the district court, recognizing that the party pursuing the case against Wendy's was not the debtor, but was the trustee who had not made any inconsistent statements to the court.

The complaint in *Wendy's* was for racial discrimination and retaliation under Title VII. The debtor, Ms. Parker, did not disclose the claim in her schedules, and she received a discharge. Ms. Parker's attorney in the discrimination case asked the district court for a continuance of the trial, stating that the bankruptcy trustee needed to be advised of the discrimination action in order to reopen the bankruptcy case as there had been an inadvertent failure to disclose the existence of the case. The Chapter 7 trustee moved to reopen the bankruptcy case to allow for further administration of the asset, the bankruptcy court granted the motion to reopen, and the Chapter 7 trustee moved to intervene in the district court case. When the employer defendants moved to dismiss the employment discrimination case in district court, the Chapter 7 trustee argued that judicial estoppel could not apply because, among other things, it would result in an injustice to the innocent creditors who could be denied the possibility of actually recovering some money.

Reversing the district court, the Eleventh Circuit reviewed some fundamental concepts under bankruptcy law, including the following:

1. When a bankruptcy case is filed, virtually all of the debtor's assets vest in the bankruptcy estate. 11 U.S.C. § 541(a)(1). Such property includes causes of actions belonging to a debtor at the commencement of a case.

2. A trustee is the only proper party in interest with standing to prosecute causes of action belonging to the estate. 11 U.S.C. § 323.

3. Under 11 U.S.C. § 554, once an asset becomes part of the bankruptcy estate, the debtor's rights in the asset are extinguished unless the asset is abandoned back to the debtor.

4. When a bankruptcy case is closed, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceeding remains property of the estate. § 554(d).

5. When an interest or claim is not listed on a bankruptcy schedule, and the case is closed, that interest or claim remains in the bankruptcy estate.

*Id.*, at 1272.

Recognizing these basic principles, the *Wendy's* Court held that the discrimination claim was an asset of the bankruptcy estate, that the trustee was the real party in interest in the discrimination suit, that he had never abandoned the claim, and thus could not be judicially estopped from pursuing it. These are the same legal principles recognized in *Lopez*, where the Ninth Circuit Bankruptcy Appellate Panel held that the bankruptcy court had to reopen the estate so a trustee could deal with the claim.

Prior to *Wendy's*, the Eleventh Circuit issued two opinions addressing when and whether the doctrine of judicial estoppel precludes a lawsuit based on a claim that was not disclosed in a plaintiff's Chapter 7 bankruptcy case. *Billups v. Pemco Aeroplex, Inc. (In re Burnes)*, 291 F.3d 1282 (11th Cir.2002); *Barger v. City of Cartersville*, 348 F.3d 1289, 1293–94 (11th Cir. 2003).[3] In both *Burnes* and *Barger*, the Court found that judicial estoppel precluded the debtor from pursuing employment discrimination claims for monetary relief,[4] and in *Burnes* the Court suggested that debtors should not be permitted to reopen their cases to add previously undisclosed lawsuits. However, in *Wendy's*, the Court

held that the application of judicial estoppel in *Burnes* was questionable and that the more appropriate defense in *Burnes* was that the debtor lacked standing. *Barger* relied on *Burnes*, and so the application of judicial estoppel there is equally questionable. Interestingly, the Court in *Barger* acknowledged that the trustee was the real party in interest and had exclusive standing to assert any claim, but went on to apply judicial estoppel without considering some of the relevant principles of bankruptcy law.

Following *Lopez* and the reasoning in *Wendy's*, this Court concludes that a motion to reopen a Chapter 7 case to add undisclosed claims should generally be granted so that the claim can either be liquidated for the benefit of creditors or released from the estate. If the case is not reopened and the claim belongs to the estate, then the non-bankruptcy action brought by the debtor as plaintiff has to be dismissed on the ground of standing. The only way the proper party can be brought into the action is to reopen the bankruptcy case to see if the trustee wishes to intervene. If the case is reopened and the trustee intervenes, then under *Wendy's*, judicial estoppel will generally not apply. The exception might be if the trustee recovered more than the amount necessary to satisfy all creditors. In that event, the defendants could invoke judicial estoppel to try to limit any monetary recovery to the amount needed to satisfy creditors and the trustee's expenses. This possibility was recognized by the Court in *Wendy's*. *Id.*, at 1273 n. 4. If, on the other hand, the trustee chooses to abandon the asset to the debtor, then the district court could con-

---

**3.** In *DeLeon v. Comcar Industries, Inc.*, 321 F.3d 1289 (11th Cir.2003), the Court extended *Burnes* to plaintiffs who had filed Chapter 13 cases.

**4.** In both *Burnes* and *Barger*, the Eleventh Circuit limited the application of judicial estoppel to claims for monetary relief and allowed the debtor's undisclosed claims for injunctive relief to proceed.

sider whether the facts warrant the application of judicial estoppel to preclude the debtor from pursuing the claim. But if the bankruptcy court refuses to reopen the case to allow the trustee to make a decision whether to pursue the asset for the benefit of creditors or whether it is of limited value and should be abandoned back to the debtor, then the property of the estate problem identified in *Lopez* remains and the claim cannot be dealt with definitively.

■ The District Court Defendants contend that the bankruptcy court should defer any ruling on the debtor's motion to reopen until the district court rules on their judicial estoppel argument. This contention is without merit. Procedurally, the motion to reopen should be decided first by the bankruptcy court. Again, this is because there is currently an unadministered asset which must either be abandoned or administered. It will then be up to the district court to decide if judicial estoppel should be applied.

In summary, the Court concludes that further administration is warranted in this case. The motion to reopen is granted, and the United States Trustee is directed to order the appointment of a Chapter 7 trustee to administer this asset. The Chapter 7 trustee should investigate whether the action has value, decide whether to prosecute, resolve it, or abandon it. If it appears the estate may have any assets, the Chapter 7 trustee can re-

quest a bar date for creditors to file claims.

■ By reopening this bankruptcy case, the Court is not making any findings with respect to Debtor's good faith, whether Ms. Upshur understood her disclosure obligations, or whether Ms. Upshur intentionally omitted the claim from her schedules. These factual issues are relevant to a judicial estoppel argument which is or will be before the district court, not the bankruptcy court. The debtor's lack of good faith would not be a sufficient ground to deny this motion to reopen; again, the key issue here is the benefit to creditors.[5] In granting this motion to reopen, the Court is also not making any findings as to whether Ms. Upshur's claims pending in the district court have any merit. As the Court noted in *Lopez*, the decision whether to reopen a bankruptcy case cannot and "should not become a battleground for litigation on the underlying merits." *Lopez*, 283 at 28 (citation omitted).

Finally, in Debtor's response, she asks for an award of attorneys fees against the District Court Defendants for responding to the pleadings in opposition to the motion to reopen. This request is DENIED.

---

5. If the trustee abandons the claim here or if the trustee recovers more than is necessary to pay creditors and the district court is asked to apply the judicial estoppel doctrine to bar any monetary recovery by Ms. Upshur as a result of her non-disclosure in this bankruptcy case, then the parties might find it helpful to determine what Ms. Upshur told the original Chapter 7 trustee and what was said at the first meeting of creditors on the subject of contingent claims.