**WHOLE COURT**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 26, 2013**

# In the Court of Appeals of Georgia

A12A1814. RICHARDS v. D. R. HORTON, INC. et al.

MᴄMɪʟʟɪᴀɴ, Judge.

Mark A. Richards, pro se, filed the present appeal after the trial court dismissed his claims against his homebuilder D. R. Horton, Inc., various subcontractors and an insurance company (collectively referred to as appellees).[1] We now conclude that the trial court erred by dismissing Richards' claims against D. R. Horton, but affirm the dismissal of his claims against the remaining appellees.

---

[1] The remaining appellees are Murrell's Construction Company, Andy Lewis Heating & Air-Conditioning, LLC, Raggahianti Foundations II, Inc., Dupree Plumbing Company, Executive Landscaping, Inc. and Grange Mutual Insurance Company.

The pertinent facts, insofar as we can glean them from the voluminous record on appeal,[2] show the following: In September 2010, Richards filed suit against D. R. Horton asserting claims based on the allegedly defective construction of his home. That case apparently was removed to federal district court, and in January 2011, Richards filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in which he disclosed his "fraud" suit against "D. R. Horton." In June 2011, the district court concluded that, because of the bankruptcy filing, the trustee was now the real party in interest to prosecute the claims asserted in Richards' negligent construction suit and dismissed the complaint without prejudice.

In late April 2011, the trustee entered a report of no distribution, and the bankruptcy court approved that report, discharged Richards and the trustee, and closed the estate by order dated July 19, 2011. On August 25, 2011, Richards filed a "Complaint for Breach of Contract, Breach of Warranty, Fraud, Bad Intent and Improper Site Preparation" against the appellees in this appeal. Each of the appellees answered and moved to dismiss Richards' claims, based in part on the doctrine of judicial estoppel and standing. On September 30, 2011, Richards filed a responsive

---

[2] We remind the parties that our rules require that citations to the record and transcripts must be to the appellate record, and must include the specific volume or part. Court of Appeals Rule 25 (a).

pleading asserting, among other things, that appellees' motions to dismiss should be denied because his bankruptcy case had been closed and his claims against the appellees abandoned back to him. The trial court rejected these contentions and dismissed Richards' complaint, finding that he lacked standing to pursue his claims. Richards timely filed his notice of appeal from that order on March 13, 2012.

Thereafter, on April 30, 2012, the United States Bankruptcy Court for the Northern District of Georgia entered an order on Richards' motion to re-open his Chapter 7 case and for an order of abandonment. The bankruptcy court refused Richards' request to re-open, noting that Richards had disclosed his claim "against his homebuilder," the trustee had filed a report of no distribution on April 25, 2011, and the bankruptcy court discharged Richards and closed his case on July 19, 2011. Thus, the bankruptcy court concluded "that, by operation of 11 U. S. C. § 554 (c), [Richards'] cause of action against D. R Horton, Inc. was abandoned to [Richards] on July 19, 2011, is presently vested in [Richards] and [Richards] alone, and only [Richards] has the right to pursue this cause of action. The bankruptcy estate has no further interest in it."

With this procedural backdrop in place, we now consider whether the trial court properly dismissed Richards' complaint.

3

1. In his first, second, third and fifth enumerations of error, Richards makes various assertions concerning the merits of his underlying claims or other matters irrelevant to the disposition of the standing issue, which is the only issue before us. Thus, because these enumerations present nothing for this Court to review, we will not consider them.

2. We now turn to the pivotal issue in this case, which is whether the trial court erred by dismissing Richards' complaint for lack of standing because his claims remained property of the bankruptcy estate.

D. R. Horton argues on appeal that there was no evidence in the record before the trial court that the trustee had abandoned the cause of action against it. Pertinent to this issue, the record shows that Richards' claims against D. R. Horton were clearly disclosed in the schedules he filed with his bankruptcy petition and, under well-settled law, became part of the bankruptcy estate. *Parker v. Wendy's Int'l, Inc.*, 365 F3d 1268 (11th Cir.) (2004) (causes of action belonging to the debtor at the commencement of the bankruptcy case vest in the bankruptcy estate upon filing of the petition). Further, those claims were not "otherwise administered" by the trustee, who entered a report of no distribution. Cf. *Period Homes, Ltd. v. Wallick,* 275 Ga. 486 (569 SE2d 502) (2002) (bankruptcy estate closed by successful distribution).

4

Based on this record, the starting point of our analysis is 11 U. S. C. § 554, which governs the abandonment of property of the bankruptcy estate. Subsection (c) provides in relevant part: "Unless the court orders otherwise, any property scheduled under section 521 (a) (1) of this title . . . not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title . . . ." Thus, pursuant to 11 USC § 554 (c), Richards' claims against D. R. Horton were abandoned back to him at the time his bankruptcy case was closed in July 2011. We, therefore, agree with the bankruptcy court that Richards, and Richards alone, had standing from that date forward to pursue this cause of action.[3] Accordingly, at the time he filed the present action in August 2011, Richards had standing to pursue his claims against D. R. Horton and the trial court erred by dismissing his claims against that defendant.

But we reach a different result concerning the dismissal of Richards' claims against the remaining appellees. These claims, like Richards' claims against D. R. Horton, all related to the negligent construction of his home, clearly accrued prior to the filing of his bankruptcy petition, and therefore became an asset of the bankruptcy

---

[3] We are mindful that the trial court did not have the benefit of the bankruptcy court's order when it dismissed Richards' claims.

estate when Richards filed his petition. *Parker v. Wendy's Intl*, 365 F3d at 1272. However, unlike his claims against D. R. Horton, Richards did not list his claims against these appellees on his bankruptcy schedule, and this "[f]ailure . . . leaves that interest in the bankruptcy estate." Id. Further, Richards' attempt to re-open the case after it was closed was unsuccessful. Thus, it appears that Richards only had standing to pursue his claims against D. R. Horton, and his claims against the remaining appellees were properly dismissed. *Kittle v. Conagra Poultry Co.*, 247 Ga. App. 102, 106-107 (1) (543 SE2d 411) (2000); see also *Sevostiyanova v. Tempest Recovery Svcs., Inc.*, 307 Ga. App. 868, 870-871 (1) (705 SE2d 878) (2011); *Zahabiuon v. Automotive Finance Corp.*, 281 Ga. App. 55, 56 (1) (635 SE2d 342) (2006); *Battle v. Liberty Mutual Fire Ins. Co.*, 276 Ga. App. 434, 436 (623 SE2d 541) (2005); *Cochran v. Emory Univ.*, 251 Ga. App. 737, 738-739 (1) (2) (555 SE2d 96) (2001).

Judge McFadden argues in his dissent, however, that instead of affirming the dismissal of Richards' claims against the other defendants, "[w]e should vacate and remand for the trial court to conduct a hearing to determine whether Richards sufficiently itemized his claims to put the trustee on notice to investigate further, . . . , and whether Richards had a motive to conceal his claims." But, unlike the cases cited by the dissent, this case does not involve the use of a mere "misnomer," which

6

nevertheless clearly identified the defendant (*Kuehn v. The Cadle Co.*, 2007 U.S. Dist. LEXIS 18387 (M.D. Fla. 2007)), or an expansive identification of a claim related to a certain incident (*In re Bonner*, 2005 Bankr. Lexis 1683 (BAP 6th Cir. 2005)), or *actual* notice of a claim *(Donarumo v. Furlong*, 660 F. 3d 81, 87 (1st Cir. 2011)).[4]

We are also unpersuaded that Richards' motive or intent is relevant here. The trial court dismissed these claims based on lack of standing, not the doctrine of judicial estoppel, which, as the dissent acknowledges, is an *equitable* doctrine invoked at the court's *discretion*. Thus, cases such as *Reciprocal Merchandising Svcs. v. All Advertising Assoc.*, 163 B.R. 689 (S.D.N.Y. 1994), in which the court invoked that doctrine and then considered the debtor's motive in failing to list the claim, are likewise unavailing.

Further, unlike the plaintiff/debtor in *Gingold v. Allen*, 272 Ga. App. 653, 654 (613 SE2d 173) (2005), which Presiding Judge Miller cites in her separate dissent, Richards has already filed one motion to reopen in the bankruptcy court, and he did

---

[4] This Court has specifically considered and rejected the assertion that an unlisted claim may be deemed abandoned by operation of law even if the trustee has actual notice of the unlisted claim. *Kittle v. Conagra Poultry*, 247 Ga. App. at 106-107 (1). See also *Wright v. Vanderbilt Mortgage & Finance, Inc.*, 2009 Bankr. Lexis 3565 *11, n. 8 (Bankr. NM 2009).

7

so after the trial court dismissed his claims based on lack of standing. Thus, we see no need to halt and delay the trial court proceedings to give Richards an additional opportunity to pursue *another* motion to reopen.

However, we are mindful that Richards' motion to reopen the bankruptcy estate was not included in the record on appeal. Thus, it is unclear to us whether Richards, who by all appearances was proceeding pro se in filing that motion, appreciated the different positions occupied by D. R. Horton versus the other appellees based on how he listed his claims in his bankruptcy schedule, and it is likewise unclear to us whether his request to reopen would have alerted the bankruptcy court that he had additional claims against these defendants and that he was also seeking to have those claims abandoned back to him. Thus, while, unlike the dissents, we would not vacate the trial court's dismissal of these claims to allow Richards to pursue an evidentiary hearing in the trial court or stay the proceedings to ensure that Richards gets another bite at the apple in the bankruptcy court, we would emphasize that nothing we say here prevents Richards from returning to the bankruptcy court and seeking clarification concerning the status of his claims against these defendants. It may well be that if these claims have not been adequately assessed by the trustee, the bankruptcy court will allow the case to be reopened for

the purpose of either allowing the trustee to pursue those claims or abandoning the claims back to Richards, at which point he could seek to add the claims to his state court case. Otherwise, however, and based on clear authority, e.g., *Kittle v. Conagra Poultry*, 247 Ga. App. at 106-107 (1), we find these claims were properly dismissed and no further proceedings are *mandated* on this issue.

*Judgment affirmed in part and reversed in part. Doyle, P. J., Ray and Branch, JJ., concur. Barnes, P. J., Miller, P. J., and McFadden, J., concur in part and dissent in part.*

A12A1814. RICHARDS v. D. R. HORTON, INC. et al.

MILLER, Presiding Judge, concurring in part and dissenting in part.

I concur with the majority's opinion to reverse the trial court's dismissal of Richards's claims against D. R. Horton, Inc., because he does in fact have standing to raise these claims. I respectfully dissent from the majority's conclusion that we affirm the trial court's dismissal of Richards's claims against the other defendants. While I agree with Judge McFadden that the trial court's order should be reversed with respect to Richards's claims against the additional defendants. I write separately because I would reverse on this point for a different reason and remand with instructions.

As noted by the majority, a cause of action arising before the filing of a bankruptcy petition is the property of the Chapter 7 bankruptcy estate, "and only the trustee in bankruptcy has standing to pursue it." (Citation and punctuation omitted.) *Parker v. Wendy's International, Inc.*, 365 F.3d 1268, 1272 (II) (11th Cir. 2004); see

also *Baillie Lumber Co. v. Thompson*, 391 F.3d 1315, 1319 (II) (11th Cir. 2004) (providing that a debtor's assets include potential legal causes of action). The failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate until it has been either administered or abandoned by the trustee. See *Parker*, supra, 365 F.3d at 1272 (II). Therefore, the trustee is the proper party in interest and has exclusive standing to prosecute Richards's undisclosed causes of action. Id.; see also *Gingold v. Allen*, 272 Ga. App. 653, 654 (613 SE2d 173) (2005).

"Nevertheless, when an action is not prosecuted by the real party in interest, the trial court should not dismiss the action until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." (Citations and punctuation omitted.) *Gingold*, supra, 272 Ga. App. at 656; see also OCGA § 9-11-17 (a). In circumstances similar to those presented in the instant appeal, we remanded a case to the trial court with instructions to allow the plaintiff "a reasonable amount of time to take affirmative steps in the bankruptcy court to either secure an abandonment by the bankruptcy trustee or to substitute the trustee as the plaintiff." *Gingold*, supra, 272 Ga. App. at 656. Indeed, Richards may return to bankruptcy court for a reopening of his bankruptcy case in

2

order to add the undisclosed claims.[1] See *In re Upshur*, 317 B.R. 446, 450, 452 (Bankr. N.D. Ga. 2004). The bankruptcy court would be authorized to reopen the case and appoint a trustee to administer or abandon Richards's undisclosed claims. See id. at 451 (providing that bankruptcy courts have "a duty to reopen the [bankruptcy] estate whenever there is proof that it has not been fully administered"). Unless these undisclosed claims are administered or abandoned to Richards, however, the trustee retains the exclusive right to prosecute those claims. See *Parker*, supra, 365 F.3d at 1272 (II).

Although I agree with Judge McFadden that we should remand the case, I would not do so for the purpose of having the trial court determine whether Richards

---

[1] Although the majority notes that Richards has unsuccessfully attempted to reopen his bankruptcy case, it does not appear that he did so for the purposes of adding the undisclosed causes of action against the subcontractors and the insurance company. Richards's motion to reopen was not included in the record before us, but the bankruptcy court's order denying his motion makes no mention of whether Richards sought to add the undisclosed claims relating to the subcontractors and the insurance company. Rather, the bankruptcy court's order shows that Richards filed the motion to reopen for the purpose of obtaining an order of abandonment as to his claims against D. R. Horton. The bankruptcy judge declined to reopen the bankruptcy case, finding that Richards's claims against D. R. Horton were abandoned to him by operation of law when his bankruptcy case was closed, as this cause of action was listed in his bankruptcy schedule. See 11 U.S.C. § 554 (c). In other words, the motion to reopen to pursue an order of abandonment was unnecessary because Richards's claims against D. R. Horton had already been abandoned to him.

3

sufficiently apprised the trustee of his additional claims or had a motive to conceal them. This misses the point that only the bankruptcy trustee has standing to pursue the undisclosed claims, and Richards does not. Whether judicial estoppel should apply is not relevant until the undisclosed claims have been administered or abandoned to Richards.[2] See *In re Upshur*, supra, 317 B.R. at 454. To address any questions as to whether Richards acted in good faith, understood his disclosure obligations, or intentionally omitted the claim from his bankruptcy schedule is simply premature at this point. See id.; *In re Phelps*, 329 B.R. 904, 909 (Bankr. M.D. Ga. 2005).

Therefore, I conclude that the trial court's order should be reversed in whole, and the case should be remanded with instructions for the trial court to "give [Richards] a reasonable amount of time to take affirmative steps in the bankruptcy court to either secure an abandonment by the bankruptcy trustee or to substitute the trustee as the plaintiff." *Gingold*, supra, 272 Ga. App. at 656.

---

[2] Judicial estoppel would not apply to the trustee in the event the trustee was substituted as the plaintiff in this case. See *Parker*, supra, 365 F.3d at 1272 (II) (holding that trustee cannot be judicially estopped from prosecuting debtor's undisclosed claims).

4

A12A1814. RICHARDS v. D. R. HORTON, INC. et al.

MCFADDEN, Judge, concurring in part and dissenting in part.

I concur with the reversal of the trial court's dismissal of Richards' claims against D. R. Horton, Inc. based on a finding of abandonment by the bankruptcy trustee. I respectfully dissent to the affirmance of the trial court's dismissal of Richards' claims against the other defendants. We should vacate and remand for the trial court to conduct a hearing to determine whether Richards sufficiently itemized his claims to put the trustee on notice to investigate further, *Donarumo v. Furlong*, 660 F.3d 81, 87 (1st Cir. 2011), and whether Richards had a motive to conceal the claims. *Barger v. City of Cartersville*, 348 F.3d 1289, 1296 (C) (1) (11th Cir. 2003).

Upon the filing of a bankruptcy petition, virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate. 11 U.S.C. § 541 (a) (1) (providing that the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case"). That property includes

causes of action belonging to the debtor at the commencement of the bankruptcy case. Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate. Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to [11 U.S.C.] § 554 of the Bankruptcy Code. At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate. Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate.

*Parker v. Wendy's Intl.*, 365 F.3d 1268, 1272 (II) (11th Cir. 2004).

A debtor has a statutory duty to fully disclose all assets and this is a continuing duty of complete and honest disclosure. *Robinson v. Tyson Foods*, 595 F.3d 1269, 1274 (A) (11th Cir. 2010). "Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate," depriving the debtor of standing to pursue that interest. *Parker*, 365 F.3d at 1272 (II). Alternatively, a debtor who has failed to disclose claims in his bankruptcy proceeding may be judicially estopped from pursuing those claims. *Burnes v. Pemco Aeroplex*, 291 F.3d 1282 (11th Cir. 2002).

But "[w]hile a debtor has a duty to prepare schedules carefully, completely, and accurately, . . . [a]s investigation is part of the [t]rustee's duties . . . , a debtor is

2

required only to do enough itemizing to enable the trustee to determine whether to investigate further." (Citations and punctuation omitted.) *Donarumo v. Furlong*, 660 F.3d 81, 87 (1st Cir. 2011).

> There are no bright-line rules for how much itemization and specificity is required for bankruptcy schedules. What is required is reasonable particularization under the circumstances. The Official Forms themselves have generally been regarded as subject to a rule of substantial compliance. It would be silly to require a debtor to itemize every dish and fork, but every bankrupt must do enough itemizing to enable the trustee to determine whether to investigate further.

(Citations and punctuation omitted.) *Kuehn v. Cadle Co.*, 2007 U.S. Dist. LEXIS 18387 at *13 (M.D. Fla. 2007). "[D]ebtors can list lawsuits on their bankruptcy schedules in the most general of terms, even without identifying any defendants, and still satisfy the filing requirements of § 521 (a) (1) (B) (i) and the abandonment requirements of § 554 (c)." Id. (holding that debtor who listed in bankruptcy a lawsuit naming one defendant was not barred from pursuing same lawsuit against a different defendant). See also *In re Bonner*, 2005 Bankr. LEXIS 1683 (BAP 6th Cir. 2005) (debtors' scheduling of an asset labeled "Auto Accident Claim" without identifying any potential defendants "plainly and unambiguously included any claim that the debtors may have had for any personal injury arising out of the automobile

accident"); *Reciprocal Merchandising Services. v. All Advertising Assoc.*, 163 B.R. 689 (S.D.N.Y. 1994) (Chapter 11 debtor was not judicially estopped from pursuing claims for unjust enrichment and breach of alleged oral contract even though he failed to name the defendants or detail the nature of the claims in prior bankruptcy proceeding, where there was no evidence that debtor deliberately intended to mislead bankruptcy court or to obtain unfair advantage, and debtor did not conceal during proceedings that it had claims arising out of wrongful transfer of assets).

Here, the trial court ruled that "[t]he subject matter of [the] earlier case is identical to the matter [at hand], with the exception that [Richards] now sues additional defendants." Given this finding, the trial court should reconsider whether Richard's listing of his lawsuit satisfied the filing requirements of § 521 (a) (1) (B) (i) and the abandonment requirements of § 554 (c) to determine whether he has standing to pursue his action against the defendants other than D. R. Horton.

In addition to arguing that Richards lacked standing, at least one of the appellees argued that Richards' claims are barred by judicial estoppel. "Judicial estoppel is an equitable doctrine invoked at a court's discretion." (Citation omitted.) *Burnes*, 291 F.3d at 1285 (III) (A). It is "intended to be a flexible rule in which courts must take into account all of the circumstances of each case in making [their]

4

determination[s]." (Citation omitted.) *Ajaka v. BrooksAmerica Mortg. Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006). The "two primary factors in determining whether to apply judicial estoppel . . . [are whether] the allegedly inconsistent positions [were] taken under oath in a prior proceeding, and [whether] they [were] calculated to make a mockery of the judicial system." (Citations omitted.) Id. The court looks to see if the debtor (1) knew about the cause of action that should have been listed; and (2) if the debtor had a motive to conceal the cause of action. *Barger*, 348 F.3d at 1296 (C) (1).

It is undisputed that Richards did not list the additional defendants on his schedule. So the questions become whether his disclosure was "full enough" to put the trustee on notice to inquire further and whether he had a motive to conceal his cause of action against these defendants. As noted previously, the trial court ruled that "[t]he subject matter of [the] earlier case is identical to the matter [at hand], with the exception that [Richards] now sues additional defendants." He made no finding about Richards' intent. The trial court should consider these questions upon remand.

The cases upon which the majority relies are distinguishable. In *Kittle v. ConAgra Poultry Co.*, 247 Ga. App. 102 (543 SE2d 411) (2000), *Zahabiuon v. Auto. Fin. Corp.*, 281 Ga. App. 55 (635 SE2d 342) (2006) and *Sevostiyanova v. Tempest*

5

*Recovery Svs.*, 307 Ga. App. 868 (705 SE2d 878) (2011), we held that the plaintiffs were judicially estopped from pursuing their complaints when their claims accrued before they filed for bankruptcy yet they *never* listed them on any bankruptcy schedules at any time. In *Cochran v. Emory Univ.*, 251 Ga. App. 737 (555 SE2d 96) (2001), we held that the plaintiff was judicially estopped from pursuing a medical malpractice claim when she did not list it on her bankruptcy schedule and only sought to re-open her bankruptcy to amend the schedule once the defendant was granted summary judgment on judicial estoppel grounds. In *Battle v. Liberty Mut. Fire Ins. Co.*, 276 Ga. App. 434 (623 SE2d 541) (2005), we held that the plaintiff was judicially estopped from pursuing his claim for fire insurance benefits because he failed to list the insured property in his bankruptcy. Here, on the other hand, Richards listed the identical lawsuit on his schedule, albeit with only one of the defendants.

Whether the fact that the trustee had before her the "identical" case should have placed her on notice as to these other defendants and whether Richards had a motive to conceal the claims are questions the trial court should resolve within its discretion.

I am authorized to state that Presiding Judge Barnes joins in this opinion.

6