74274. CHESHIRE BRIDGE ENTERPRISES, INC.
v. LEXINGTON INSURANCE COMPANY, INC.
(359 SE2d 702)

CARLEY, Judge.

On October 28, 1985, appellant-insured filed this suit against appellee-insurer, seeking to recover on a surplus line policy providing fire insurance coverage. On October 31, appellant merely delivered the complaint to the office of the Commissioner of Insurance (Commissioner) and, at that time, obtained no acknowledgement of service from anyone. On November 4, the Commissioner's office forwarded the complaint by mailing it to appellee at an incorrect address. The complaint was returned to the Commissioner's office, marked as "undeliverable — incorrect address." The Commissioner's office then obtained appellee's correct address and remailed the complaint on November 15. On December 13, appellee filed its answer to appellant's complaint. Insufficiency of service of process was included among the

defenses that were raised in appellee's answer. Appellant subsequently moved that appellee's answer be stricken and that default judgment be entered against appellee, contending that appellee's answer had not been filed within 30 days after service of the complaint and that the filing of the answer had not been accompanied by the payment of costs so as to open default. The trial court denied appellant's motion. Thereafter, cross-motions for summary judgment were filed. In addition to the merits of the case, appellee's motion raised its insufficiency of service of process defense as a ground for the grant of summary judgment in its favor. After consideration of the cross-motions for summary judgment, the trial court denied appellant's motion and granted summary judgment in favor of appellee. The trial court based its rulings on the merits rather than upon the insufficiency of service of process defense that had been raised in appellee's motion. Pursuant to OCGA § 9-11-56 (h), appellant appeals from the grant of summary judgment in favor of appellee.

1. In addition to the grant of appellee's motion for summary judgment and the denial of its own, appellant enumerates as error the denial of its motion that appellee's answer be stricken and that default judgment be entered against appellee. See generally *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980). Since any error in the denial of this motion would obviate the need to consider the merits of the case that are raised by the cross-motions for summary judgment, we will address this issue first.

Appellee affords surplus line insurance coverage to appellant, but is otherwise unauthorized to do business in this state. OCGA § 33-5-34 (b) provides that "[e]very unauthorized insurer issuing or delivering a surplus line policy through a surplus line broker in this state shall be deemed thereby to have appointed the [Insurance] Commissioner as its attorney for acceptance of service of all legal process issued in this state in any action or proceeding arising out of the policy, and *service of process upon the Commissioner shall be lawful personal service upon the insurer.*" (Emphasis supplied.) OCGA § 33-5-34 (d) further provides that "[d]uplicate copies of legal process against the insurers *shall be served upon the Commissioner. . . .*" (Emphasis supplied.) From its language, it is thus clear that the purpose of OCGA § 33-5-34 "is to specify an alternative *recipient* of legal process, and not an alternative *manner* of service. There is nothing whatsoever to suggest that service upon the Commissioner may be 'informal.' To the contrary, the language of the statute indicates that service upon the Commissioner must be perfected in a manner which would be proper if service were made upon a designated agent for service of process." (Emphasis in original.) *Wilkerson v. Voyager Cas. Ins. Co.*, 171 Ga. App. 834, 835 (2) (321 SE2d 346) (1984) (construing OCGA § 33-4-4). Compare *Ticor Constr. Co. v. Brown*, 255 Ga. 547,

548 (3) (340 SE2d 923) (1986) (construing OCGA § 14-2-62 (b), which specifically provides that service of a complaint "shall be made *by delivering [it] to and leaving [it] with* the Secretary of State." (Emphasis supplied.)) Compare also OCGA § 33-5-53 (a), which is rendered inapplicable here by virtue of OCGA § 33-5-59.

Since OCGA § 33-5-34 (a) provides only for an alternative *recipient* of service and does not include a provision for an alternative *manner* of service, it follows that appellant must have effected formal service upon the Commissioner in order to subject appellee to the jurisdiction of the trial court. "The rules governing service of process are strictly construed, 'and rightfully so, since notice is the very bedrock of due process.' [Cits.] [If] the record reveals neither an acknowledgement of service nor a return of service, there is no basis for a finding that process was legally served upon the Insurance Commissioner. [Cit.]" *Wilkerson v. Voyager Cas. Ins. Co.*, supra at 835 (2). The record in this case shows only that, on May 2, 1986, which was more than one month after the trial court had already denied appellant's motion, the Chief Deputy Commissioner executed a purported "acknowledgement of service." This document merely states that "according to the records on file in this office, on October 31, 1985, this office received copies of complaint and process for service." This clearly fails to show that service was perfected on the Commissioner as required by § 33-5-34. The record shows no return of service and no viable acknowledgement of service. It follows that appellant has never obtained the requisite service of process upon appellee and the trial court correctly denied appellant's motion that appellee's answer be stricken and that default judgment be entered against appellee. See *Wilkerson v. Voyager Cas. Ins. Co.*, supra; *Cook v. Bright*, 150 Ga. App. 696 (258 SE2d 326) (1979).

2. Since it is clear that appellant has never obtained formal service of process, it follows that appellee's defense of insufficiency of service of process is meritorious. Although appellee's motion for summary judgment did raise the issue of insufficiency of service of process, that defense is a plea in abatement and, as such, it is not properly a basis of a motion for summary judgment. *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974); *Hemphill v. Con-Chem, Inc.*, 128 Ga. App. 590 (197 SE2d 457) (1973). Nevertheless, if the defense is raised for resolution in the trial court and it has not otherwise been waived by the defendant, the nomenclature of the pleading which raises that issue should not be a material consideration. See generally *Hammer Clinic P.C. v. Crawley*, 169 Ga. App. 522 (313 SE2d 778) (1984). The defense of insufficiency of service of process has not been waived by appellee. See OCGA § 9-11-12 (h) (1). Accordingly, had the trial court in this case ignored the nomenclature of appellee's motion wherein the issue of insufficiency of service of

process was raised and made a ruling on that defense, appellant's complaint would simply have been dismissed and the necessity for any further ruling by the trial court on the merits of the case would have been obviated. Under these circumstances, we find that the proper disposition of this case is for us to vacate the order of the trial court on the cross-motions for summary judgment and to remand the case with direction that appellant's complaint be dismissed for insufficiency of service of process. Cf. *C. W. Matthews Contracting Co. v. Capital Ford Truck Sales, Inc.*, 149 Ga. App. 354 (254 SE2d 426) (1979).

3. The order denying appellant's motion that appellee's answer be stricken and that default judgment be entered against appellee is affirmed. The order granting summary judgment to appellee and denying summary judgment to appellant is vacated with direction that a new order which dismisses appellant's complaint be entered.

*Judgment affirmed in part and vacated in part and case remanded with direction. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 25, 1987 —
REHEARING DENIED JULY 14, 1987 — 

*Jack Paller, Ralph G. McCallum, Jr., Carl A. Crowley II, James G. Kilbough, G. Roger Land*, for appellant.
*C. Michael Johnson, Robert L. Todd*, for appellee.