A96A2544. UNITED TECHNOLOGIES CORPORATION et al.
v. GAINES.
(483 SE2d 357)

POPE, Presiding Judge.

On April 16, 1992, Aurora Gaines filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Georgia. The bankruptcy case was converted to a Chapter 7 case and was closed after being resolved by an appointed trustee. On December 3, 1993, Gaines filed a personal tort action in the Superior Court of Muscogee County against United Technologies Corporation d/b/a Pratt & Whitney Division and two of its employees, Steven Hodge and Bobby Herring, for acts allegedly committed between May 1989 and February 1992. United and Herring moved to dismiss Gaines' complaint under OCGA § 9-11-17 (a) arguing that Gaines was not the proper party to prosecute the claim because she had failed to schedule it in her bankruptcy petition as a potential asset, and thus, that the claim remained an asset of the bankruptcy estate even though the bankruptcy case had been closed.

In response to the motion to dismiss, Gaines requested time from the superior court to reopen her bankruptcy case. The superior court granted the request. Thereafter, Gaines caused her bankruptcy case to be reopened, and the bankruptcy court appointed Michael Cielinski as trustee of the estate. Subsequently, United and Herring moved

the superior court to substitute Cielinski as the real party in interest. The trial court denied the motion to substitute, and we granted United and Herring's application for interlocutory review. Upon review, we conclude that Cielinski is the real party in interest regarding the tort action, and thus that the superior court erred in denying the motion to substitute.

In this state, "[e]very action shall be prosecuted in the name of the real party in interest." OCGA § 9-11-17 (a). To determine who that party is, one must look to the substantive law and determine who owns the claim and who has the right to pursue an action on the claim. See *Rigdon v. Walker Sales &c.,* 161 Ga. App. 459, 462 (288 SE2d 711) (1982). In this case, the substantive law at issue encompasses both federal bankruptcy and state law.

Under 11 USC § 541 (a) (1) "all legal or equitable interests of [a] debtor in property as of the commencement of the [bankruptcy] case" becomes property of the bankruptcy estate. This includes causes of action, regardless of whether or not such actions are assignable or transferable by the debtor under state law. See 11 USC § 541 (c) (1) (A); *Integrated Solutions v. Service Support Specialties,* 193 BR 722, 727-728 (11) (D. N. J. 1996). Therefore, by preemptive operation of federal law, when Gaines filed for bankruptcy the cause of action at issue became part of the bankruptcy estate even though OCGA § 44-12-24 normally prohibits the assignment of personal tort causes of action.[1] Once Cielinski was appointed as trustee of the estate, "title" to the cause of action passed to him. And, as such, absent a refusal on his part to do so, he acquired the right alone to prosecute the action. See *Gochenour v. George & Francis Ball Foundation,* 35 FSupp. 508, 517 (S. D. Ind. 1940), aff'd, 117 F2d 259 (7th Cir. 1941); *Nagle v. Commercial Credit Business Loans,* 102 FRD 27, 30 (2) (E. D. Pa. 1983). Thus, when Cielinski was appointed trustee, Gaines was divested of title to the cause of action, and Cielinski became the real party in interest.

We reject Gaines' argument that she may prosecute the action in her own name because Cielinski authorized her to do so by "assigning" her the right to prosecute the action while he retained legal title to it. Although the purported assignment was memorialized in two consent orders issued by the bankruptcy court, Gaines' argument nevertheless must fail for two reasons. First, if the assignment is viewed as a full assignment of all rights, as United and Herring contend it should be, it would clearly be in violation of OCGA § 44-12-24. While property, by virtue of 11 USC § 541, automatically

---

[1] OCGA § 44-12-24 provides in pertinent part that "a right of action is assignable if it involves, directly or indirectly, a right of property. A right of action for personal torts or for injuries arising from fraud to the assignor may not be assigned."

becomes part of a bankruptcy estate despite its transferability under state law, a bankruptcy trustee acquires only what the debtor had and may not dispose of the property in violation of state law. Therefore, Cielinski would be bound by OCGA § 44-12-24 and thereby could not transfer the cause of action to any other person. See *In re Schauer*, 835 F2d 1222, 1225 (1), (2) (8th Cir. 1987) (applying Minnesota state law to a trustee's attempt to dispose of property); *Integrated Solutions*, 193 BR at 729 (14), (15) (applying New Jersey state law to a trustee's attempt to transfer a tort action). Second, if the assignment is viewed as a transfer of less than legal title, as is urged by Gaines, the trustee still owns the cause of action, and therefore, as set forth above, remains the real party in interest. See generally *Equitable Life Assur. Society v. Tinsley Mill Village*, 249 Ga. 769, 771-772 (2) (294 SE2d 495) (1982).

Accordingly, we reverse the denial of United and Herring's motion to substitute Cielinski for Gaines as the real party in interest.

*Judgment reversed. Andrews, C. J., and Smith, J., concur.*

DECIDED MARCH 5, 1997.

*Stuart, Irvin, Stanford & Kessler, A. McArthur Irvin, Gary R. Kessler, Arnall, Golden & Gregory, Jerome L. Kaplan, Ronald C. Thomason*, for appellants.

*Meacham & Earley, Christopher L. Meacham, Thomas M. Jones, Page, Scrantom, Sprouse, Tucker & Ford, Mark R. Youmans, Adams & Hemingway, Ward Stone, Jr., Carolyn E. Moller*, for appellee.

