A00A1926. DENIS v. DELTA AIR LINES, INC. et al.
(546 SE2d 805)

POPE, Presiding Judge.

Under Georgia law, a person may not assign to another a right of action for personal torts. OCGA § 44-12-24. By operation of federal bankruptcy law, however, if a tort victim files bankruptcy, such a claim automatically vests in the trustee regardless of state law. Bankruptcy law also provides that under certain circumstances a trustee may "abandon" property of the estate back to the debtor. The issue in this case is whether a bankruptcy trustee violates OCGA § 44-12-24 by abandoning a tort claim back to the debtor/tort victim. We hold that federal bankruptcy law preempts OCGA § 44-12-24

under these circumstances.

In December 1996, Andrew Denis filed suit in Fulton County alleging that he was injured as a result of ingesting a foreign object contained in food prepared by Dobbs International Services, Inc. and served to him while he was a passenger on a flight operated by Delta Air Lines, Inc.

In March 1998, while the tort claim was still pending, Denis filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York. In December of that year, Delta and Dobbs, by and through their attorneys, reached an agreement with Denis's counsel to settle the tort claim for $125,000. The check was to be made payable to the trustee, and the trustee applied to the bankruptcy court for approval of the settlement.

However, Denis hired a new lawyer and, on February 19, 1999, filed an objection to the settlement in the bankruptcy court. He proposed that the tort claim be abandoned to him in return for a payment from him to the trustee of $125,000. The trustee consented to Denis's objection and recommended abandonment of the claim. After a hearing on the matter, the bankruptcy court ordered the tort claim abandoned to Denis in exchange for the payment and other considerations.

Immediately thereafter, Delta and Dobbs filed a joint motion to substitute the trustee as the real party in interest in the tort action on the grounds that when the bankruptcy action was filed, the claim vested in the trustee. The trial court never ruled on this motion.

On May 25, 1999, Delta and Dobbs jointly moved for summary judgment on the grounds that despite the abandonment, the claim still belonged to the trustee because the abandonment was precluded by the prohibition against assignment of tort claims. OCGA § 44-12-24. They argued that, therefore, summary judgment was appropriate because Denis, the named plaintiff, no longer owned the claim. The trial court granted the motion, holding that the abandonment was void under OCGA § 44-12-24. This appeal followed.

The trial court relied on *United Technologies Corp. v. Gaines*, 225 Ga. App. 191 (483 SE2d 357) (1997). In that case, we held that the trustee in bankruptcy is the real party in interest regarding a tort action by the debtor because a cause of action vests in the trustee when a bankruptcy petition is filed. Id. at 192. We also held that the trustee was prohibited by OCGA § 44-12-24 from assigning the claim back to the debtor. Id. at 192-193.

Denis argues that abandonment under federal bankruptcy law is not the same as assignment of a claim and, therefore, it is not prohibited by OCGA § 44-12-24 and *Gaines* is distinguishable. He also asserts that a review of the policy underlying OCGA § 44-12-24 shows that an abandonment from a trustee back to a debtor in bank-

ruptcy is not the type of transfer the statute is designed to prevent.

Delta and Dobbs argue that Denis paid $125,000 in exchange for getting his claim back and that that transaction is void under OCGA § 44-12-24 and *Gaines*. They also contend the bankruptcy court's action does not qualify as an abandonment under federal bankruptcy law.

Resolution of this issue requires a review of the pertinent provisions of federal bankruptcy law to determine whether the trustee's power to abandon property preempts the Georgia law prohibiting assignment of a tort claim.

When a debtor files a Chapter 7 petition, "all legal or equitable interests of the debtor in property" become part of the bankruptcy estate. 11 USC § 541 (a) (1). Under the express provisions of the bankruptcy code, this is true "notwithstanding any provision in . . . applicable nonbankruptcy law . . . that restricts or conditions transfer of such interest by the debtor." 11 USC § 541 (c) (1) (A). See also *Integrated Solutions v. Svc. Support Specialties*, 124 F3d 487, 490-491 (III) (B) (3rd Cir. 1997). Therefore, by the express preemptive operation of federal law, a cause of action becomes part of the bankruptcy estate "even though OCGA § 44-12-24 normally prohibits the assignment of personal tort causes of action." *Gaines*, 225 Ga. App. at 192.

Abandonment is governed by 11 USC § 554. That section provides that "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 USC § 554 (a), (c). There is no express provision in § 554, as there is in § 541, stating that this portion of the federal bankruptcy code prevails notwithstanding applicable nonbankruptcy law.

The United States Supreme Court has addressed this question. It held that "Congress did not intend for § 554 (a) to pre-empt all state and local laws." *Midlantic Nat. Bank v. New Jersey Dept. of Environmental Protection*, 474 U. S. 494, 506 (V) (106 SC 755, 88 LE2d 859) (1986). More specifically, the Supreme Court held that a trustee may not abandon property in contravention of local laws designed to protect the public's health and safety. Id. at 507 (V). But it stated that the exception to the trustee's abandonment power that it was carving out was a narrow one: "The abandonment power is not to be fettered by laws or regulations not reasonably calculated to protect the public health or safety from imminent and identifiable harm." Id. at fn. 9. For abandonment power to be fettered by other laws, there must be an "imminent and identifiable harm" as there was in that case. Id.

Other courts have followed this lead:

> In light of the rather extreme circumstances in *Midlantic*, most courts have allowed abandonment after determining no "imminent and identifiable harm to the public" exists. See, e.g., *In re L.F. Jennings Oil Co.*, 4 F.3d 887 (10th Cir. 1993), cert. denied, [511 U. S. 1005 (114 SC 1372, 128 LE2d 48)] (1994) (abandonment proper where property not immediate threat to public health or safety, citing as evidence lack of listing on state's list of contaminated sites); *In re Smith-Douglass, Inc.*, 856 F.2d 12, 15-17 (4th Cir. 1988) (trustee only required to "take adequate precautionary measures to ensure that the public is not threatened" before abandonment); *In re Anthony Ferrante & Sons*, 119 B.R. 45, 49-50 (D. N.J. 1990) (trustee allowed to abandon contaminated public water system in contravention of state's environmental regulations absent showing of imminent and identifiable harm to public from such abandonment).

*In re Vel Rey Properties*, 174 Bankr. 859, 867 (II) (D. D.C. 1994).

Here, the state law at issue is not one that is "calculated to protect the public health or safety from imminent and identifiable harm." Although the precise policy underlying OCGA § 44-12-24 is not crystal clear, see *Central R. & Banking Co. v. Brunswick &c. R. Co.*, 87 Ga. 386 (13 SE 520) (1891),[1] we find no evidence that it falls into the narrow category identified in *Midlantic*.

We find further support for our decision in the U. S. Supreme Court's description of the effect of abandonment under bankruptcy law. It is generally the case that when property is abandoned under 11 USC § 554, it reverts to the debtor and stands as if no bankruptcy petition had been filed. See *Brown v. O'Keefe*, 300 U. S. 598, 602 (57 SC 543, 81 LE 827) (1937). "In such case 'the title stands as if no assignment had been made.' [Cit.]" Id. In other words, the practical effect of abandonment is that the claim never left Denis in the first place.

Therefore, regardless of whether the abandonment of Denis's claim by the bankruptcy court could be characterized as an assignment, the power of the trustee to abandon property preempts OCGA § 44-12-24. *Gaines* is distinguishable. That case did not involve an abandonment under 11 USC § 554.

*Judgment reversed. Miller and Mikell, JJ., concur.*

---

[1] Overruled on separate grounds, *Guhl v. Davis*, 242 Ga. 356, 358 (249 SE2d 43) (1978).

DECIDED MARCH 2, 2001 — 

*Mitchell & Shapiro, Richard C. Mitchell,* for appellant.
*Carter & Ansley, Burke B. Johnson, Chambers, Aholt & Rickard, Ian R. Rapaport, Deeann B. Waller,* for appellees.