A03A2288. FRANCO et al. v. COX.
(594 SE2d 717)

SMITH, Chief Judge.

Maria Franco and Ron Harter appeal from an order granting summary judgment to Troy Cox in their action for damages arising from a boat/jet ski collision on Lake Lanier, contending that the summary judgment was erroneous for several reasons. We find no merit in the substance of Franco's and Harter's contentions that they are proper parties to this action. We do agree with them, however, that the real parties in interest defenses raised could not properly be adjudicated in a summary judgment. For that reason we vacate the trial court's judgment and remand this case to the trial court with direction that the trial court dismiss the complaint.

The record shows that Franco rented a jet ski for an hour from an entity known as Thrill Sports Entertainment. She agreed to be

---

liable for all damage that might occur to the jet ski. Franco was operating the jet ski on Lake Lanier when the collision occurred, and Michael Harter, the son of Ron Harter, was riding with her. Franco and Harter alleged that the collision occurred when a 24-foot cruiser operated by Cox rammed the left rear side of the ski. Michael Harter's father, Ron Harter, paid $4,660 to Thrill Sports, which had declared the ski a total loss. Franco's claimed expenses and damages resulting from personal injury were settled by Cox's insurer. Franco and Ron Harter brought this suit against Cox seeking damages in the amount of $4,660, the amount Franco now owes Ron Harter, and they also seek punitive damages, expenses of litigation, and attorney fees. The trial court granted summary judgment to Cox on the ground that neither Franco nor Harter was a proper party to assert these claims.

1. Franco and Harter contend in two enumerations that the trial court erred in granting summary judgment to Cox: (1) because Ron Harter is a proper party; and (2) because even if the trial court was correct, they were not given the opportunity to add the proper party. We do not agree.

(a) Harter admits he is not the owner of the jet ski and was not involved in the collision. He had no legal obligation to pay Franco's contractual debt to Thrill Sports. His payment was made as a favor to Franco, making it a voluntary payment. Cox has absolutely no legal obligation to Harter. Because Harter was under no obligation to make the payment, he is not entitled to subrogation against Cox. "Subrogation is never applied for the benefit of a mere volunteer who pays the debt of another without any assignment or agreement for subrogation, and who is under no legal obligation to make the payment, and is not compelled to do so for the preservation of any rights or property of his own." (Citation and punctuation omitted.) *Federated Mut. Ins. Co. v. Northland Ins. Co.*, 254 Ga. 402, 403 (329 SE2d 493) (1985). If Franco agreed to repay Harter, as alleged, Harter's only recourse is from Franco. Harter therefore is not a proper plaintiff against Cox.

(b) Although Cox raised the real party in interest defense one year before the trial court granted the summary judgment, the record reveals that Franco and Harter never filed a motion to add a party, never requested that the court permit them to add a party, and never amended their complaint or otherwise attempted to join or substitute any other party as plaintiff. Under these circumstances, the trial court was not required to add another party on its own motion, even assuming such other party was known to the court. "Issues not raised in the court below may not be raised for the first

time on appeal. [Cit.]" *Dean v. City of Jesup*, 249 Ga. App. 623, 625 (3) (549 SE2d 466) (2001).

2. Franco and Harter also assert that the trial court erred in ruling that Franco was not a proper party to this action. They argue that because Franco was contractually obligated to Thrill Sports to pay for any damage to the jet ski, she is entitled to recover those damages from Cox.

But Franco is not the owner of the jet ski,[1] she has not made any payment to Thrill Sports for the damage, and she has received no assignment from Thrill Sports or any other entity or individual of the right to seek damages from Cox. The only possible cause of action Franco could have is through subrogation.

> To employ an oft-cited metaphorical expression, subrogation places the subrogee in the shoes of the subrogor. Consequently, the rights to which the subrogee succeeds are the same as, and no greater than, those of the subrogor; therefore, the subrogee's rights are subject to any limitations incident to them in the hands of the subrogor, and subject to any defenses that might have been urged against the subrogor.

(Citations omitted.) *Maryland Cas. Ins. Co. v. Welchel*, 257 Ga. 259, 262 (2) (356 SE2d 877) (1987).

But "[s]ubrogation requires the existence of a contract to pay . . . and the actual payment of the claim." *May Dept. Store v. Center Developers*, 266 Ga. 806, 808-809 (1) (471 SE2d 194) (1996). And although Franco had a contractual obligation to pay, she did not herself make payment.[2] Franco therefore had no cause of action for property damage against Cox. The trial court did not err in concluding that Franco was not a proper party.

3. Franco and Harter correctly point out that the trial court's entry of summary judgment against them was improper because the real party in interest defense is a matter in abatement, which is not proper subject matter for summary judgment.

> Under OCGA § 9-11-17, a real-party-in-interest objection is similar to the defense of failure to join an indispensable party under OCGA § 9-11-19. It has often been held that a summary judgment contemplates a judgment on the merits and cannot be used as a matter in abatement. It follows that

---

[1] Indeed, the record does not establish that Thrill Sports is the owner of the jet ski, either.

[2] Although Harter did make payment to Thrill Sports, he had no contractual obligation to do so.

summary judgment cannot properly be granted to a defendant on the basis of a real-party-in-interest objection.

(Citations and punctuation omitted.) *Dept. of Human Resources v. Holland*, 263 Ga. 885, 887 (2) (440 SE2d 9) (1994). But if a plea in abatement is raised in the trial court, the trial court may ignore the nomenclature assigned to the pleading and dismiss the complaint. *Cheshire Bridge Enterprises v. Lexington Ins. Co.*, 183 Ga. App. 672, 674-675 (2) (359 SE2d 702) (1987). Here, as in *Cheshire Bridge Enterprises*, "we find that the proper disposition of this case is for us to vacate the order of the trial court . . . and to remand the case with direction that [the] complaint be dismissed" for failure to join an indispensable party. Id. at 675.

*Judgment vacated and case remanded with direction. Ruffin, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 11, 2004.

*Glenville Haldi*, for appellants.
*Downey & Cleveland, Rodney S. Shockley*, for appellee.