A05A0338. GINGOLD et al. v. ALLEN.
(613 SE2d 173)

ANDREWS, Presiding Judge.

Timothy L. Allen sued his former bankruptcy attorney, Ira D. Gingold, for legal malpractice claiming that Gingold's negligent advice caused Allen's arrest on felony theft by deception charges.

Gingold denied liability and moved for judgment on the pleadings contending that the trustee of Allen's Chapter 7 bankruptcy was the real party in interest to prosecute the malpractice action, and seeking dismissal or a ruling that the trustee be substituted for Allen as the proper plaintiff. The trial court denied the motion and found that Allen was the real party in interest and the proper plaintiff. We granted Gingold's application for an interlocutory appeal, and for the following reasons we reverse.

At issue is whether the malpractice claim belongs to Allen, making him the real party in interest to prosecute the claim under OCGA § 9-11-17 (a), or whether the claim is property of his Chapter 7 bankruptcy estate, making the bankruptcy trustee the real party in interest. When Allen's bankruptcy petition was filed on April 30, 2001, this created an estate broadly defined under federal law as the debtor's "legal or equitable interests . . . in property as of the commencement of the case." 11 USC § 541 (a) (1); *Kittle v. Conagra Poultry Co.*, 247 Ga. App. 102, 105 (543 SE2d 411) (2000). This broad definition of property included any legal malpractice cause of action Allen had which accrued prior to the commencement of the bankruptcy case. *United Technologies Corp. v. Gaines*, 225 Ga. App. 191, 192 (483 SE2d 357) (1997); *Denis v. Delta Air Lines*, 248 Ga. App. 377, 379 (546 SE2d 805) (2001). In a Chapter 7 bankruptcy proceeding, the trustee is appointed by the bankruptcy court and charged with the duty to liquidate property in the debtor's estate to satisfy creditor's claims. *Johnson v. Alvarez (In re Alvarez)*, 224 F3d 1273, 1277, n. 9 (11th Cir. 2000). Accordingly, if the legal malpractice cause of action accrued prior to the April 30, 2001 commencement of the bankruptcy case, then it is property of the bankruptcy estate and the trustee is the real party in interest. *Witko v. Menotte (In re Witko)*, 374 F3d 1040, 1042-1044 (11th Cir. 2004); *Johnson*, 224 F3d at 1278, n.12. Although federal law determines when a debtor's interest in property is property of the bankruptcy estate under 11 USC § 541, the property interests at issue are created and defined by state law, so state law controls the issue of when the present malpractice cause of action accrued. *Butner v. United States*, 440 U. S. 48, 54-55 (99 SC 914, 59 LE2d 136) (1979); *Witko*, 374 F3d at 1043. It follows that, in order to determine whether the cause of action belongs to the bankruptcy trustee rather than to Allen, the more precise issue is whether under state law the action accrued prior to the April 30, 2001 commencement of the bankruptcy case.

The legal malpractice complaint alleges that, while acting as Allen's bankruptcy attorney prior to commencement of the bankruptcy case, Gingold negligently advised Allen to stop payment on two outstanding checks to creditors; that Allen relied on this advice and stopped payment on the checks; that these actions established

probable cause for his arrest on felony charges of theft by deception; and that he was subsequently arrested and jailed on felony theft by deception warrants obtained by the creditors. Gingold denied that he advised Allen to stop payment on the checks. The record shows that, although Allen was not arrested and jailed on the warrants until after the discharge order was entered in the bankruptcy case on August 20, 2001, the alleged negligent advice to stop payment on the checks; the actual stop payment by Allen; and the felony arrest warrants obtained by the creditors after the stop payment, all occurred prior to the April 30, 2001 commencement of the bankruptcy case.

On these facts, we conclude that Allen's legal malpractice cause of action accrued prior to the April 30, 2001 commencement of the bankruptcy case. Whether sounding in contract or tort, a legal malpractice action accrues and the applicable statute of limitation commences to run from the date that the alleged wrongful act breached the attorney-client relationship. *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 806 (273 SE2d 16) (1980); *Jones, Day, Reavis & Pogue v. American Envirecycle*, 217 Ga. App. 80, 81-82 (456 SE2d 264) (1995). "[S]ince nominal damages arise upon the commission of the wrongful act, such nominal damages are sufficient as a triggering device for the statute of limitation and thus the cause of action then arises." *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411, 414-415 (306 SE2d 340) (1983); *Jankowski*, 246 Ga. at 806.

Because the legal malpractice cause of action accrued prior to the commencement of the bankruptcy case, the action became property of the bankruptcy estate. There is no evidence that the cause of action was listed as a claim in the bankruptcy case, or that, prior to discharge in the bankruptcy case, the bankruptcy trustee abandoned or administered the cause of action.

> When the trustee is unaware of an accrued right of action and, as a consequence, it is neither abandoned nor administered in the bankruptcy nor the subject of a court order, it remains the property of the estate. A discharged debtor thus lacks legal capacity subsequently to pursue an unscheduled claim simply because a trustee, without knowledge of the claim, took no action with respect to it. However, a bankruptcy court has the power to reopen the bankruptcy to administer previously unadministered assets, and the trustee retains the capacity to bring suit.

(Citations omitted.) *Peltz v. Shidler*, 952 P2d 793, 797 (Colo. App. 1997). In the absence of the trustee's abandonment of the cause of action to him in conformance with bankruptcy court procedures,

Allen was not the real party in interest to prosecute the suit, and the trial court erred by finding to the contrary.

Nevertheless, when an action is not prosecuted by the real party in interest, the trial court should not dismiss the action "until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. . . ." OCGA § 9-11-17 (a); *Allianz Life Ins. Co. &c. v. Riedl*, 264 Ga. 395, 398 (444 SE2d 736) (1994). Accordingly, on remand of this case, the trial court shall give Allen a reasonable amount of time to take affirmative steps in the bankruptcy court to either secure an abandonment by the bankruptcy trustee or to substitute the trustee as the plaintiff.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 6, 2005.

*Freeman, Mathis & Gary, T. Bart Gary, Erica S. Jansen*, for appellants.

*Jones & Bell, Linley Jones*, for appellee.