A05A1632. FREEMAN v. WHEELER et al.

(627 SE2d 86)

ANDREWS, Presiding Judge.

Lawrence Conrad Freeman appeals from the trial court's grant of summary judgment dismissing his abusive litigation action brought pursuant to OCGA § 51-7-80 et seq. Because we find the trial court correctly concluded that the action was barred by the doctrine of collateral estoppel, we affirm.

Freeman brought the abusive litigation action in Cobb County State Court against the defendants he sued in a prior civil action in Fulton County Superior Court, the attorneys who represented those defendants, and the law firm which employed the attorneys. He sought to recover damages under OCGA § 51-7-80 et seq. caused by alleged abusive litigation tactics used by the defendants and their attorneys in the prior action.[1] The defendants in the superior court action were Piedmont Hospital, Hulett Sumlin (the hospital's administrator), and Walter H. Butler, M.D. (chairman of the hospital's anesthesiology department and a member of the hospital's credentials committee). The attorneys who represented those defendants were Sidney F. Wheeler and Milton B. Satcher III, both of whom were employed by the law firm of Long, Weinberg, Ansley & Wheeler. In the prior action, Freeman, a medical doctor, sued Piedmont Hospital, Sumlin, and Butler for defamation and intentional interference with business relations claiming he was damaged by statements in a letter sent by the hospital administrator pursuant to OCGA § 31-7-8 to the Composite State Board of Medical Examiners after Freeman voluntarily resigned from the hospital's medical staff. The letter stated that Freeman's resignation was due in part to reports made by Butler and another physician to the credentials committee in which they reported concerns expressed by hospital nurses regarding Freeman's performance of his medical duties.

During the course of the prior superior court litigation, a discovery dispute arose over Freeman's efforts to compel discovery about the unspecified concerns of the unidentified nurses. The defendants, as advised by their attorneys, refused to provide the information asserting that it was protected by the privilege against discovery of peer review proceedings contained in OCGA § 31-7-133 (a). The discovery dispute was addressed on interlocutory appeal in *Freeman v. Piedmont Hosp.*, 209 Ga. App. 845 (434 SE2d 764) (1993), where this Court upheld the trial court's denial of Freeman's motion to

---

[1] Freeman's allegations included claims that he was entitled to recover damages to his "peace, happiness, or feelings" pursuant to OCGA § 51-12-6 and attorney fees and expenses of litigation pursuant to OCGA §§ 13-6-11 and 9-15-14.

compel discovery, and in *Freeman v. Piedmont Hosp.*, 264 Ga. 343 (444 SE2d 796) (1994), where the Supreme Court reversed in part and remanded the case for the superior court to reconsider Freeman's motion to compel discovery in light of its opinion. On remand, the superior court reconsidered Freeman's motion to compel discovery and granted it to the extent required by the Supreme Court's *Freeman* opinion. At that point, only Butler remained as a defendant in the superior court action, both Piedmont Hospital and Sumlin having been granted summary judgment which was affirmed in *Freeman*, 209 Ga. App. at 847. The superior court action was tried before a jury, which rendered a verdict in favor of Butler. After the verdict, the superior court granted Freeman's motion for a new trial concluding based on testimony given at the trial that Freeman had been unfairly denied discovery information by the continued assertion of the peer review privilege by the defendants.

While the superior court action remained pending, Freeman commenced a Chapter 7 bankruptcy proceeding. But instead of disclosing the existence of the superior court action as an asset in the bankruptcy proceeding, as required, Freeman denied the existence of the action on his bankruptcy schedule of assets. Prior to retrial of the superior court action, Butler moved for summary judgment on the basis that Freeman was judicially estopped from pursuing the action because he denied the existence of the action in his bankruptcy proceeding. The superior court granted summary judgment to Butler on this basis, and Freeman took no appeal.

After final disposition of the superior court action in favor of the defendants, Freeman filed a timely motion seeking the award of attorney fees and litigation expenses pursuant to OCGA § 9-15-14 against the defendants (Piedmont Hospital, Sumlin, and Butler) and against the defendants' attorneys (Wheeler, Satcher, and the law firm of Long, Weinberg, Ansley & Wheeler). In the motion, Freeman alleged that, because the defendants and their attorneys improperly asserted the peer review privilege under OCGA § 31-7-133 (a) during the course of the litigation, he was wrongfully denied discoverable information about concerns that nurses expressed about his medical performance, and that this conduct justified an award under OCGA § 9-15-14 (a) and (b). The superior court considered the motion and denied it finding that the defendants and their attorneys properly asserted the peer review privilege under OCGA § 31-7-133 (a) and that, contrary to Freeman's contention, the refusal to produce discovery sought by Freeman regarding the nurses' concerns was neither improper nor sanctionable under OCGA § 9-15-14. This Court denied Freeman's application for a discretionary appeal from the superior court's order denying the motion.

Freeman subsequently filed the present abusive litigation action in Cobb County State Court pursuant to OCGA § 51-7-80 et seq. against all the defendants previously named in the superior court action (Piedmont Hospital, Sumlin, and Butler) and their attorneys in the action (Wheeler, Satcher, and the law firm of Long, Weinberg, Ansley & Wheeler, and its successors and assigns). He alleged that the defendants and their attorneys engaged in abusive litigation in the superior court action by improperly asserting the peer review privilege pursuant to OCGA § 31-7-133 (a) to wrongfully deny him discovery regarding the nurses' concerns about his medical performance. All the defendants in the abusive litigation action moved for summary judgment on the basis that the superior court's prior order denying Freeman's motion for attorney fees and expenses under OCGA § 9-15-14 collaterally estopped Freeman's present abusive litigation action under OCGA § 51-7-80 et seq.

On the above facts, we find that the trial court correctly granted summary judgment on the basis of collateral estoppel in favor of all the defendants in the present abusive litigation action. The collateral estoppel doctrine

> precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.

(Footnotes omitted.) *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866-867 (463 SE2d 5) (1995). "[C]ollateral estoppel precludes only those issues that were either actually litigated in a previous action or by necessity had to have been decided in order for the previous judgment to have been rendered." (Citation omitted.) *Shields v. BellSouth Advertising & Publishing Corp.*, 273 Ga. 774, 777 (545 SE2d 898) (2001).

Applying these principles, the record shows that Freeman's prior OCGA § 9-15-14 claim was brought against the same defendants named in his present abusive litigation action under OCGA § 51-7-80 et seq. In both cases, Freeman sought damages based on the same claim that the defendants engaged in abusive litigation by improperly asserting the peer review privilege under OCGA § 31-7-133 (a). In ruling on the merits of the prior OCGA § 9-15-14 claim, the superior court found that the defendants did not improperly assert

the peer review privilege. Accordingly, the factual basis for Freeman's present damage claim under OCGA § 51-7-80 et seq. was previously considered and rejected, and Freeman is barred by collateral estoppel from relitigating the issue. *Shields*, 273 Ga. at 778. The trial court correctly granted summary judgment to all the defendants on the basis of collateral estoppel.[2]

We reject Freeman's contention that the superior court's ruling on his prior motion pursuant to OCGA § 9-15-14 cannot be used as the basis for collateral estoppel. Freeman contends that the claim he brought pursuant to OCGA § 9-15-14 accrued prior to commencement of his Chapter 7 bankruptcy, so it was the property of the bankruptcy estate, and the bankruptcy trustee should have been substituted as the real party in interest pursuant to OCGA § 9-11-17 (a). *Gingold v. Allen*, 272 Ga. App. 653, 654-656 (613 SE2d 173) (2005); *United Technologies Corp. v. Gaines*, 225 Ga. App. 191, 192 (483 SE2d 357) (1997). Assuming the trustee rather than Freeman was the real party in interest, nothing in the record shows this issue was raised or ruled on by the superior court when Freeman brought the OCGA § 9-15-14 motion after final disposition of the superior court action, so the issue was not addressed at that time and was waived. *Adams v. Cato*, 175 Ga. App. 28-29 (332 SE2d 355) (1985); *Rome Housing Auth. v. Allied Bldg. Materials*, 182 Ga. App. 233, 237 (355 SE2d 747) (1987). Even if the trustee was the real party in interest, we find no merit in Freeman's contention that this defect, which was amendable and subject to waiver, rendered the OCGA § 9-15-14 motion a nullity. We also reject Freeman's contention that the superior court's ruling on the OCGA § 9-15-14 motion was void because the court lacked subject matter jurisdiction to consider the motion after the court disposed of the underlying action in favor of the defendants. Even though Freeman did not prevail on the action underlying the motion, a losing

---

[2] We need not address Freeman's additional contention that, because his OCGA § 51-7-80 et seq. action did not accrue until after he commenced the Chapter 7 bankruptcy proceeding, the action was not property of the bankruptcy estate, and the trial court erred by concluding that his failure to disclose the action in the bankruptcy proceeding judicially estopped him from prosecuting the action. See OCGA § 51-7-84 (b); *Kittle v. Conagra Poultry Co.*, 247 Ga. App. 102, 105 (543 SE2d 411) (2000).

The record also shows that, while the superior court action was still pending, Freeman filed another action in Fulton County State Court, bringing claims against Piedmont Hospital, Sumlin, and Butler identical to those alleged in the superior court, and adding claims against those defendants and Wheeler, Satcher, and Long, Weinberg, Ansley & Wheeler based on alleged improper assertion of the peer review privilege in the superior court action. Freeman later dismissed the claims against Piedmont Hospital, Sumlin, and Butler without prejudice, and the Fulton County State Court granted summary judgment in favor of Wheeler, Satcher, and Long, Weinberg, Ansley & Wheeler. We need not address the trial court's additional ruling on the preclusive effect of this prior action.

party may still seek recovery under OCGA § 9-15-14 after the action terminates. *Betallic, Inc. v. Deavours,* 263 Ga. 796 (439 SE2d 643) (1994).[3]

Finally, Freeman claims the trial court erred by granting summary judgment in favor of the defendants on various damages he sought in the present abusive litigation action. Freeman sought the award of damages to his "peace, happiness, or feelings" pursuant to OCGA § 51-12-6, and the award of attorney fees and expenses of litigation pursuant to OCGA §§ 13-6-11 and 9-15-14. As to attorney fees and expenses of litigation under OCGA § 9-15-14, the superior court's prior ruling denying Freeman's claims to these damages was conclusive, so summary judgment was properly granted to the defendants on this claim in the present action. OCGA § 51-7-83 (c). As to damages pursuant to OCGA § 51-12-6, there being no allegation of physical injury, these damages were available only for a wilful tort. *Wheat v. First Union Nat. Bank,* 196 Ga. App. 26, 27 (395 SE2d 351) (1990); *Woodall v. Hayt, Hayt & Landau,* 198 Ga. App. 624, 626 (402 SE2d 359) (1991); *Vogtle v. Coleman,* 259 Ga. 115, 116 (376 SE2d 861) (1989); compare *Snellings v. Sheppard,* 229 Ga. App. 753, 756-757 (494 SE2d 583) (1997) (punitive damages excluded from recovery in action pursuant to OCGA § 51-7-80 et seq.). Because there is no support in the record for the contention that the defendants' assertion of the peer review privilege pursuant to OCGA § 31-7-133 (a) in the superior court action was a wilful tort, the trial court correctly granted summary judgment to the defendants on this claim. As to attorney fees and expenses of litigation under OCGA § 13-6-11, these damages are ancillary and recoverable only where other elements of damage are recoverable on the underlying claim. *Steele v. Russell,* 262 Ga. 651-652 (424 SE2d 272) (1993); *United Cos. Lending Corp. v. Peacock,* 267 Ga. 145, 147 (475 SE2d 601) (1996). Because the trial court correctly granted summary judgment to the defendants on Freeman's underlying OCGA § 51-7-80 et seq. action, the defendants were also entitled to summary judgment on this claim. To the extent the trial court granted summary judgment on other grounds, a judgment right for any reason will be affirmed. *City of Gainesville v. Dodd,* 275 Ga. 834 (573 SE2d 369) (2002).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

---

[3] The issue was not raised in the prior action and the superior court did not address whether Freeman could have been judicially estopped from bringing the OCGA § 9-15-14 motion.

DECIDED JANUARY 31, 2006 —
RECONSIDERATION DENIED FEBRUARY 28, 2006 —

*Jerry B. Hatcher*, for appellant.
*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer*, for appellees.