A06A2065. ROY et al. v. GARDEN RIDGE, L.P. et al.
(640 SE2d 665)

ANDREWS, Presiding Judge.

After Roddy and Annie Roy filed a personal injury tort action against Garden Ridge, L.P. and Garden Ridge Management, Inc. (jointly referred to as Garden Ridge), the Garden Ridge defendants filed a Chapter 11 proceeding in federal bankruptcy court and notice of the bankruptcy stay in the trial court. Garden Ridge subsequently moved for summary judgment on the tort action on the basis that the bankruptcy court's order confirming the Chapter 11 plan discharged the tort claim and barred the Roys from continuing the action asserting the claim. The trial court granted summary judgment to Garden Ridge and the Roys appeal.

The Roys do not dispute that the tort claim was within the scope of the debt discharged by the bankruptcy court's order confirming the Chapter 11 plan. Accordingly, when the bankruptcy court discharged the tort claim pursuant to 11 USC § 1141 (d) by confirmation of the plan, 11 USC § 524 (a) (2) automatically provided that the discharge operated as an injunction which barred the commencement or continuation of a state court action to collect the discharged claim. 4-524 Collier on Bankruptcy § 524.01 (15th ed. 2006). Nevertheless, the Roys contend that, because they were not notified in the bankruptcy proceeding of the bar date for filing claims, they were unfairly prevented from filing a proof of claim and participating in the proceeding. They contend the trial court should have refused to give effect to the bankruptcy discharge and injunction because it was

obtained in violation of their due process rights. See *In re Spring Valley Farms, Inc.*, 863 F2d 832 (11th Cir. 1989).

Just as we have held that provisions of the federal bankruptcy code preempt state law claims for conduct violating the bankruptcy stay (*Smith v. Mitchell Constr. Co.*, 225 Ga. App. 383 (481 SE2d 558) (1997)), we also find that the bankruptcy code preempted the Roys' state court attempt to modify or dissolve the bankruptcy court's discharge order or the discharge injunction codified at 11 USC § 524. See *In re McGhan*, 288 F3d 1172, 1179-1180 (9th Cir. 2002). Even if the Roys are correct that due process violations provide a valid basis to revoke the discharge, this claim must be made in the bankruptcy court, and the discharge and injunction control until modified or reversed by the bankruptcy court. Id. at 1181. Although the trial court was without jurisdiction to alter the bankruptcy court discharge or the injunction, the trial court had concurrent jurisdiction with the bankruptcy court to construe the discharge to determine whether or not the tort claim was within its scope. See *In re Sunbrite Cleaners, Inc.*, 284 B.R. 336, 342 (Bankr. N.D. N.Y. 2002) (concurrent state court and bankruptcy court jurisdiction to construe whether a debt was within the scope of the discharge); *McGhan*, 288 F3d at 1180-1181. Since the Roys do not dispute that their tort claim was within the scope of the discharge and injunction, the trial court correctly concluded this constituted a defense which barred the tort action to collect the discharged claim.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED DECEMBER 5, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006 —

*Jesse E. Barrow III*, for appellants.
*Drew, Eckl & Farnham, George W. Brinson, Nicholas P. Smith*, for appellees.