A07A1446. THAXTON v. NORFOLK SOUTHERN CORPORATION et al.
(652 SE2d 161)

ANDREWS, Presiding Judge.

Jones and Granger, a Texas law firm (the firm), appeals from the trial court's order allocating attorney fees to attorneys John Moss and

Charles Mathis in this Federal Employers' Liability Act lawsuit filed on behalf of Larry Thaxton against Norfolk Southern Corporation and others.[1]

Larry Thaxton retained the firm in 1996 to pursue his claim that second-hand smoke in the workplace caused him injury. Although the firm's main office was located in Houston, associate John Moss worked out of the Atlanta office and the case was assigned to him. In February 2000, Moss left the firm and he and the firm entered into a written agreement regarding cases, including the Thaxton case, which had been assigned to him while with the firm and upon which he would continue to work as "of counsel." Moss eventually brought Charles Mathis into the Thaxton lawsuit as co-counsel.

Larry Thaxton died during the pendency of the lawsuit and his widow Jacqueline Thaxton was substituted as the named plaintiff in her capacity as Larry Thaxton's personal representative and administratrix of his estate. Thereafter, Jacqueline Thaxton filed for personal bankruptcy.

In 2006, the Thaxton/Norfolk litigation was settled for $900,000, of which one third was allocated as attorney fees pursuant to the contingency contract between Larry Thaxton and the firm. The trustee in Mrs. Thaxton's personal bankruptcy submitted the settlement agreement to the bankruptcy court for approval and an objection regarding payment of the firm's fees and expenses was filed by Mrs. Thaxton's bankruptcy counsel. The firm eventually concluded that the expense of litigating with Mrs. Thaxton was not worth the risk of losing the Thaxton/Norfolk settlement and entered into an agreement with her to reduce some of the expenses being claimed by the firm, specifically the interest being claimed on the funds advanced by the firm to cover expenses.

The Thaxton/Norfolk settlement agreement was then approved by the bankruptcy court. The order directed that the proceeds, after all claims and expenses against the bankruptcy estate of Mrs. Thaxton had been deducted, were paid into the trust account of the firm. There is no dispute that the firm paid Larry Thaxton's estate the full amount due from the settlement under the contingency contract he had entered into with the firm. Although the firm issued checks to Moss and Mathis for their portion of the attorney fees, the checks were not for the full amounts claimed by them. Thereafter, Moss and Mathis filed their motion for attorney fees in the Thaxton/Norfolk lawsuit and the trial court entered the order at issue here.

---

[1] This case was previously before this Court to consider the trial court's denial of a motion to add Norfolk Southern Corporation to the lawsuit, as well as other issues. *Thaxton v. Norfolk Southern R. Co.*, 239 Ga. App. 18 (520 SE2d 735) (1999).

1. We first consider the issue of our jurisdiction to consider this appeal. The firm's first enumeration is that the trial court deprived it of due process by ruling on a motion filed by two *nonparties* (Moss and Mathis) against another *nonparty* (the firm) to resolve a contractual dispute with no impact on, or relevance to, the parties to the Thaxton litigation pending before the trial court.

> Under OCGA § 5-6-33 (a) (1), "(e)ither party in any civil case and the defendant in any criminal proceeding in the superior, state, or city courts may appeal from any sentence, judgment, decision, or decree of the court, or of the judge thereof in any matter heard at chambers." However, "only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so." *Robinson v. Department of Transp.*, 185 Ga. App. 597, 601 (364 SE2d 884) (1988).

*Coffield v. Kuperman*, 269 Ga. App. 432 (604 SE2d 288) (2004). See also *Degussa Wall Systems v. Sharp*, 286 Ga. App. 349 (648 SE2d 687) (2007).

The term "party" to an action includes all who are directly interested in the subject matter, and who have a right to make defense, control the pleadings, examine and cross-examine witnesses, and appeal from the judgment. *Smith v. Gettinger*, 3 Ga. 140, 142 (1847). Whether a person is a party to an action must be ascertained exclusively by inspection of the record. *State Bar of Ga. v. Beazley*, 256 Ga. 561, 563 (1) (b) (350 SE2d 422) (1986).

Here, the claim against Norfolk Southern was that of Larry Thaxton and that is the claim that was settled. It was Jacqueline's claim to a portion of that settlement as an heir to the estate of Larry Thaxton that involved the settlement in her bankruptcy proceeding.

Also, we note that this is not a situation where one of the original parties to the underlying lawsuit filed for bankruptcy, thereby staying the proceedings and making the bankruptcy trustee the real party in interest in the underlying suit. See *Roy v. Garden Ridge*, 283 Ga. App. 74 (640 SE2d 665) (2006); *Denis v. Delta Air Lines*, 248 Ga. App. 377, 379 (546 SE2d 805) (2001) (when debtor files a Chapter 7 petition, all legal or equitable interests of the debtor in property become part of the bankruptcy estate and title to all property passes to the trustee of the estate); *United Technologies Corp. v. Gaines*, 225 Ga. App. 191 (483 SE2d 357) (1997) (a bankruptcy trustee acquires only what the debtor had).

Since neither the firm nor Moss nor Mathis were parties to the Thaxton/Norfolk litigation, nor did they seek to be added as parties and were denied that option, the firm had no standing to appeal in

this action and the appeal is dismissed. *Coffield v. Kuperman*, supra; *Degussa Wall Systems v. Sharp*, supra.

2. Based on our decision in Division 1, we need not consider the remaining enumeration of error.

*Appeal dismissed. Ellington and Adams, JJ., concur.*

DECIDED AUGUST 24, 2007.

*Smith, Gambrell & Russell, Thomas M. Barton, Aaron P. M. Tady*, for appellant.

*Matthews & Steel, John A. Moss, Charles A. Mathis, Jr.*, for appellees.