**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 24, 2019**

# In the Court of Appeals of Georgia

A19A1437. COURTLAND PROPERTIES I, LLC et al. v. COLLINS

MCFADDEN, Chief Judge.

Appellant Courtland Properties contends that it is entitled to summary judgment on appellee Collins's personal injury claim because a bankruptcy trustee, rather than the appellee, is the real party in interest. While we agree that the trustee is the real party in interest, the appellant is not entitled to summary judgment; rather, the denial of the appellant's summary judgment motion must be vacated and the case remanded with direction that the appellee be given a reasonable amount of time to show ratification by, join, or substitute the trustee as the real party in interest.

1. *Facts and procedural posture.*

Terique Collins filed suit against Courtland Properties I, LLC and others, seeking to recover damages allegedly arising out of injuries suffered as a result of a slip and fall in the apartment he leased from Courtland. About a year later, Collins filed a Chapter 7 bankruptcy petition. Courtland moved for summary judgment, claiming, among other things, that due to the bankruptcy filing, the bankruptcy trustee, instead of Collins, has standing to pursue the personal injury claim as the real party in interest. After a hearing, the trial court denied Courtland's motion for summary judgment but issued a certificate of immediate review. We granted Courtland's application for interlocutory review, and this appeal followed.

2. *Real party in interest.*

Courtland argues that it is entitled to summary judgment because the bankruptcy trustee, rather than Collins, is the real party in interest. While we agree that the bankruptcy trustee is the real party in interest, Courtland is not entitled to summary judgment on that basis.

"Under 11 USC § 541 (a) (1)[,] all legal or equitable interests of a debtor in property as of the commencement of the bankruptcy case becomes property of the bankruptcy estate. This includes causes of action, regardless of whether or not such actions are assignable or transferable by the debtor under state law." *United*

2

*Technologies Corp. v. Gaines*, 225 Ga. App. 191, 192 (483 SE2d 357) (1997) (punctuation omitted). "Therefore, by the express preemptive operation of federal law, a [debtor's tort] cause of action becomes part of the bankruptcy estate even though OCGA § 44-12-24 normally prohibits the assignment of personal tort causes of action." *Denis v. Delta Airlines*, 248 Ga. App. 377, 379 (546 SE2d 805) (2001) (citation and punctuation omitted). "Thus, any cause of action that [a debtor] possessed . . . prior to his petition in bankruptcy [is] automatically vested in [the bankruptcy] trustee upon filing." *Cincinnati Ins. Co. v. Macleod*, 259 Ga. App. 761, 764 (2) (577 SE2d 799) (2003). And "the trustee [is] the real party in interest vested automatically with the only right to bring such action." Id (citation omitted). See also *Lee v. Owenby & Assocs.*, 279 Ga. App. 446, 448 (1) (631 SE2d 478) (2006) (debtor's pending legal action is the property of the bankruptcy estate and only the trustee in bankruptcy has standing to pursue it); *Gingold v. Allen*, 272 Ga. App. 653, 654 (613 SE2d 173) (2005) (trustee is the real party in interest of debtor's cause of action).

In this case, Collins' tort action was pending at the time he filed his bankruptcy petition. The cause of action therefore became property of the bankruptcy estate and the bankruptcy trustee became the real party in interest with standing to prosecute the claim. Nevertheless, Courtland may not be granted summary judgment on that basis

3

because "a real party in interest objection generally does not go to the merits of an action, but instead is a matter in abatement for which summary judgment is inappropriate." *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 886 (655 SE2d 605) (2008) (punctuation omitted). Consequently, "summary judgment cannot properly be granted to a defendant on the basis of a real-party-in-interest objection." Id. (citations and punctuation omitted). Accord *Town & Country Dodge v. World Omni Financial Corp.*, 261 Ga. App. 503, 504 (1) (583 SE2d 182) (2003) ("Summary judgment is not the proper vehicle to decide a real party in interest objection."). "But if a plea in abatement is raised in the trial court, the trial court may ignore the nomenclature assigned to the pleading and dismiss the complaint." *Franco v. Cox*, 265 Ga. App. 514, 517 (3) (594 SE2d 717) (2004).

However, before Collins' action below can be dismissed, he is entitled to a reasonable time to show ratification by, join, or substitute the real party in interest. OCGA § 9-11-17 (a) provides in pertinent part:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such

4

ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

So in this case, "before the [action] could [be] dismiss[ed] based on [Courtland's] motion [raising a real-party-in-interest objection,] *a reasonable time must be allowed after [the] motion is heard and before dismissal* for [Collins to seek ratification,] joinder or substitution of [the real party in interest]." *Henry v. Moister*, 155 Ga. App. 462, 463 (1) (271 SE2d 40) (1980) (emphasis supplied). See also *Phoenix on Peachtree Condo Assn. v. Phoenix on Peachtree, LLC*, 294 Ga. App. 447, 451 (6) (669 SE2d 229) (2008) (trial court should consider whether a real party in interest can be joined before dismissing an action); *Hill v. McGarity*, 205 Ga. App. 850, 851 (424 SE2d 62) (1992) (trial court must allow a reasonable time for joinder of indispensable parties before dismissal).

Here, Collins has not yet had an opportunity to seek such ratification, joinder, or substitution in the trial court. As explained above, after the hearing on the motion for summary judgment, the trial court denied the motion and did not dismiss the action. So Collins had no reason to seek ratification, joinder, or substitution of the trustee after the hearing, and those issues were never raised or ruled on below. Instead, this interlocutory appeal by Courtland followed. And given our determination

5

that the trustee is the real party in interest, Collins must now be given a reasonable amount of time to seek ratification by, joinder, or substitution of the trustee as the real party in interest. See OCGA § 9-11-17 (a). So the judgment below must be vacated and the case remanded "with direction that a reasonable opportunity be provided for [Collins to have the trustee] ratify or join [or be substituted as the real party in interest in] the action pursuant to OCGA § 9-11-17 (a)." *Watson/Winter Joint Venture v. Milledge*, 224 Ga. App. 395, 397 (480 SE2d 389) (1997).

3. *Remaining enumerations.*

Given our holding above, we do not reach the appellant's remaining enumerations of error.

*Judgment vacated and case remanded with direction. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps, concur.*