# Court of Appeals
# of the State of Georgia

ATLANTA,  September 06, 2023

*The Court of Appeals hereby passes the following order:*

## A24A0152. FXM, P.C. et al. v. RANDALL TROTTER et al.

Following the trial in this civil case, the trial court issued judgment (1) in favor of plaintiff Gregory J. Staffins, Sr., against defendants Randall and Kimberley Trotter, (2) in favor of plaintiff Staffins against defendants Julia Whitley and the estate of Earl Bennett Westbrook, and (3) in favor of third-party plaintiff Robert "Bo" Cone against third-party defendant Staffins.

The Trotters and Whitley (acting in her individual capacity and in her capacity as the executor of the estate of Westbrook) filed a motion for judgment notwithstanding the verdict, which the trial court denied. These parties filed an appeal, which they subsequently withdrew. Case No. A23A0744 (withdrawal motion granted June 22, 2023).

Attorney Francis X. Moore of the firm FXM, P. C., represented Staffins at the trial, but was not a party. Staffins terminated Moore's representation at the end of the trial and, through new counsel, filed a motion to disqualify Moore as his attorney. Moore opposed the motion to disqualify and submitted filings regarding the attorney fees he claimed he was owed. The trial court issued an order that Moore was no longer Staffins' attorney in this case. The trial court explained that its order did not address any dispute over the amount of attorney fees Staffins owed to Moore, and that Moore could file any pleadings on his own behalf regarding such fees.

Moore and FXM subsequently initiated the instant appeal by filing a "notice of cross-appeal," in which they state their intent to appeal "every ruling, order, or judgment entered in this case." The Trotters and Whitley have filed a motion to dismiss the appeal, arguing that Moore and FXM lack standing to appeal. We agree.

"It is well settled that only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so." *Ford v. Reddick*, 319 Ga. App. 482, 482-483 (1) (735 SE2d 809) (2012); see also OCGA § 5-6-33 (a) (1). Moore and FXM are not parties to this case and have not sought to become parties by way of intervention. Moore and FXM simply disapprove of Staffins' decision to terminate Moore's representation and wish to recover attorney fees allegedly owed to them by Staffins.[1] See *Thaxton v. Norfolk Southern Corp.*, 287 Ga. App. 347, 349-350 (1) (652 SE2d 161) (2007). Thus, Moore and FXM lack standing to appeal.

For the foregoing reasons, the motion to dismiss this appeal is hereby GRANTED, and the appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  09/06/2023

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] Indeed, the trial court recognized that Moore and FXM are free to attempt to recover such fees in a separate proceeding.